In re Ernest R. **LILLEY**, Jr., a/k/a Ernest Raymond Lilley, Jr., Bankrupt.

Levia **ZANNI**, Plaintiff,

v.

Ernest R. **LILLEY**, Jr., Defendant.

Bankruptcy No. 79–1848K.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 28, 1981.

Andrew Mutch Knowlton, Philadelphia, Pa., for bankrupt.

George Luskus, Cornwells Heights, Pa., for plaintiff.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Bankrupt's motion to dismiss a complaint to determine dischargeability of a debt. Because we find that the instant proceeding is governed by the decision in *Brown v. Felsen*[1] and that the lower court ruling is not res judicata of the instant issue, the motion to dismiss will be denied.[2]

On September 28, 1979, Ernest R. Lilley, Jr. filed a voluntary petition in bankruptcy. Plaintiff, Levia Zanni, on December 18, 1979, filed a complaint to determine dischargeability alleging that a judgment, obtained prior to bankruptcy in the Common Pleas Court of Delaware County is not dischargeable due to fraud. The bankrupt now moves to dismiss the complaint alleging that Zanni is attempting to retry a case already tried in the state court and that the doctrine of res judicata applies. The bankrupt further contends that because the record below is silent on the issue of fraud, this court is bound to look solely at the judgment to determine dischargeability and may not consider extrinsic evidence.

The proceeding in state court was a contract action in which the issues of fraud or

---

1. 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

2. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

misrepresentation were not raised. That proceeding involved a determination of whether the exchange involved was a gift or a loan.

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). *Accord, Brown v. Felsen, supra.* In general, res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940).

Resolving a split in the case law, the Supreme Court recently held that a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state suit when determining whether a debt previously reduced to judgment is dischargeable under section 17 of the Bankruptcy Act, 11 U.S.C. § 35. *Brown v. Felsen, supra. See also In re Wright*, 584 F.2d 83, 84 (5th Cir. 1978); *In re McMillan*, 579 F.2d 289, 293 and n.6 (3rd Cir. 1978). Thus, *Brown* holds that in the bankruptcy court a judgment creditor may offer evidence that the debt was the product of fraud or deceit on the part of the bankrupt even though such issues were not raised in the state court proceedings, for the limited purpose of proving that the debt is not dischargeable. The court further stated that:

> Refusing to apply res judicata here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.

*Id.*, 442 U.S. at 138, 99 S.Ct. at 2212.

The court recognized the fact that the petitioner in the bankruptcy case was attempting to meet the "new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due him." *Id.*, 422 U.S. at 133, 99 S.Ct. at 2210.

In the case *sub judice*, it seems clear that *Brown v. Felsen* compels a ruling that the complaint to determine dischargeability should not be dismissed. Although the judgment entered in the Court of Common Pleas of Delaware County is evidence of the debt, it does not foreclose the plaintiff, Levia Zanni, from raising a defense to the present issue of dischargeability for the first time.

Accordingly, the motion to dismiss the complaint is denied and a hearing on the complaint will be scheduled.