FERGUSON, Circuit Judge:
 

 This case stems from a state default judgment obtained by plaintiff Gregg against the defendant Rahm. When Rahm petitioned for a declaration of bankruptcy, Gregg asserted that the judgment came within the Bankruptcy Act’s exceptions to dischargeability. Because Gregg has failed to provide any evidence that the acts upon which Rahm’s liability was founded were “malicious,” as required for the exception to dischargeability, we uphold the district court’s conclusion that the judgment debt was dischargeable.
 

 I
 

 On August 7, 1975, Gregg obtained a default judgment for $3,032.60 against Rahm. The judgment was founded upon §§ 632 and 637.2 of the California Penal Code, which provide civil penalties when an individual intentionally records another’s confidential communication without his permission.
 
 [1]
 
 The judgment had its origin in a telephone call from Gregg to Rahm. Gregg, an attorney, had telephoned Rahm, his client, to give advice concerning a pending business transaction and to reconcile apparently inconsistent statements made earlier. Rahm recorded the conversation without Gregg’s consent, thus contravening Cal.Pen.Code § 632.
 

 After the default judgment was entered, Rahm filed a voluntary petition in bankruptcy. Subsequently, Gregg brought an action in bankruptcy court to determine the dischargeability of the judgment-debt. The bankruptcy court found that the acts leading to the judgment were not “willful and malicious,” as required for exclusion from dischargeability under former 11 U.S.C. § 35(a)(8).
 
 [2]
 
 Consequently, it found the debt dischargeable. The district court affirmed and this appeal followed.
 

 II
 

 Under 11 U.S.C. § 35(a)(8), a liability stemming from the “willful and malicious” conduct of the debtor is not dis-chargeable in bankruptcy. The creditor has the burden of proving both willfulness and malice.
 
 Matter of Easier,
 
 611 F.2d 308, 309 (9th Cir. 1979). This burden is weighty in light of the rule that exceptions to dis-chargeability are to be strictly construed so
 
 *757
 
 as to effectuate the Congressional policy of permitting bankrupts a fresh start.
 
 Id.
 
 at 310.
 

 Gregg appears to argue that the default judgment required the bankruptcy court to find willfulness and malice. This argument is without merit.
 

 First, in this circuit a prior state court judgment has no collateral estoppel force on a bankruptcy court considering dischargeability unless both parties agree to rest their cases on that judgment.
 
 Easier, supra,
 
 at 309;
 
 Lawrence T. Lasagna, Inc. v. Foster,
 
 609 F.2d 392, 396 (9th Cir. 1979),
 
 cert. denied,
 
 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). At most, a prior judgment establishes a
 
 prima facie
 
 case of non-dischargeability which the bankrupt is entitled to refute on the basis of all relevant evidence.
 
 Id.
 

 Second, on the record under consideration it is doubtful that even a
 
 prima facie
 
 case was established.
 
 [3]
 
 Gregg has not cited any authority for the proposition that a judgment under §§ 632 and 637.2 implies malice; further, the statute on its face requires no mental element beyond the intention to record.
 
 See
 
 Cal.PemCode § 632.
 
 See generally Warden v. Kahn,
 
 99 Cal.App.3d 805, 160 Cal.Rptr. 471 (1979). This intent requirement is consistent with the meaning of willfulness under § 35(a)(8),
 
 see Easier, supra,
 
 at 310, but has no bearing on the question of malice.
 

 In
 
 Tinker v. Colwell,
 
 193 U.S. 473, 480, 24 S.Ct. 505, 506, 48 L.Ed. 754 (1904), the Supreme Court defined “malice” under § 17(2) of the Bankruptcy Act of 1898. That section contained language identical to 11 U.S.C. § 35(a)(8).
 
 Tinker
 
 held that an act is malicious when done with “a willful disregard of what one knows to be his duty” and when it is “an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally." 193 U.S. at 487, 24 S.Ct. at 509;
 
 Easier, supra,
 
 at 310 n.6.
 
 Cf. Matter of Kearney Chemicals,
 
 468 F.Supp. 1107, 1110 (D.Del.1979) (under § 35(a)(8), act is malicious if “wrongful and without just cause or excuse ... ”).
 

 The default judgment provides no basis for concluding that Rahm’s conduct in recording the phone call was “against good morals and wrongful in and of itself.”
 
 [4]
 
 Since Gregg has offered no evidence beyond that judgment, he has failed to meet his burden of proof as to malice. This lack of proof is fatal to his appeal.
 

 The judgment entered by the district court is
 

 AFFIRMED.
 

 [1]
 

 . Section 632 provides in pertinent part:
 

 Every person who, intentionally and without the consent of all parties to a confidential communication, . . . records such confidential communication, . . . shall be punishable by fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both such fíne and imprisonment in the county jail or in the state prison.
 

 Section 637.2 provides in pertinent part:
 

 (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
 

 (1) Three thousand dollars ($3,000).
 

 (2) Three times the amount of actual damages, if any, sustained by the plaintiff.
 

 * * * * * *
 

 (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.
 

 [2]
 

 . Section 35(a) provided in pertinent part:
 

 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as .. . (8) are liabilities for willful and malicious injuries to the person or property of another ....
 

 Because all relevant acts of the parties occurred prior to October 1, .1979, the date the new bankruptcy act became effective, § 402 of Pub.L. 95-598, Title IV, Nov. 6, 1978, 92 Stat. 2682, disposition of the case is controlled by section 35(a) of the prior act. Section 35(a)(8) has been reenacted without significant alteration as 11 U.S.C. § 523(a)(6).
 

 [3]
 

 . Because Gregg has failed to demonstrate that a judgment under Cal.Pen.Code § 632 connotes malice, we need not consider the potentially different effect of a litigated, as opposed to a default, judgment. See
 
 generally In re McMillan,
 
 579 F.2d 289, 292 (3d Cir. 1978).
 

 [4]
 

 . Indeed, the bankruptcy court concluded that Rahm recorded Gregg’s phone call “merely to be certain that instructions would be clear.” This finding must be accepted unless clearly erroneous.
 
 In re Houtman,
 
 568 F.2d 651, 653 (9th Cir. 1978).