**In Re Timothy J. FARLEY dba Pacific States Tool and Equipment Warehouse, dba Cornwell Tools Co., Debtor.**

**Clarence KRAMER, Plaintiff,**

v.

**Timothy J. FARLEY dba Pacific States Tool and Equipment Warehouse, dba Cornwell Tools Co., Defendant.**

Bankruptcy No. 380–02349.
Adv. No. 80–0343.

United States Bankruptcy Court,
D. Oregon.

April 17, 1981.

Kevin D. Padrick, Portland, Or., for plaintiff.

Timothy J. Farley, pro se.

MEMORANDUM OPINION GRANTING
SUMMARY JUDGMENT TO FARLEY

DONAL D. SULLIVAN, Bankruptcy Judge.

Plaintiff filed a complaint to obtain a determination of nondischargeability of a debt for $24,887.88 on the grounds that the debt constitutes a liability for obtaining money by false pretenses under 11 U.S.C. 523(a)(2). A state court previously entered judgment in this amount based upon a jury determination in plaintiff's favor awarding compensatory and punitive damages on two of three causes of action which charged breach of contract and violation of Oregon's Unfair Trade Practices Act, respectively. The state court jury found against the plaintiff and in favor of defendant on the remaining count which charged common law fraud.

Each party pleaded collateral estoppel and requested judgment based upon the portion of the state court determination, which was in his favor. Defendant also filed a motion for summary judgment and supplied portions of the state court record to support his motion. These records included the pleadings, jury instruction, verdict, and judgment.

I find that defendant is entitled to summary judgment declaring the debt described in the complaint to be discharged under 11 U.S.C. § 523(a)(2)(A) because the prior state court determination in his favor on the issues of fraud is sufficient to estab-

lish dischargeability and because there is no genuine issue of material fact to try in this court. Plaintiff submitted legal analysis and legal argument in opposition to defendant's motion for summary judgment but did not file affidavits under Rule 56 FRCP, showing the existence of any issue regarding the reliability, fairness and correctness of the state court determination or that there is relevant evidence outside of the state court record which should or could be considered and which would change the result.

The issues framed by the pleadings in this court are identical to the issues in the state court fraud count which the state court submitted to the jury and which the jury determined in defendant's favor. In addition, there is no significant difference between the legal standards the state court instructed the jury to follow and the legal standards governing dischargeability under 11 U.S.C. § 523(a)(2)(A).

■ Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of the prior litigation, a state court should determine the same factual issues using standards identical to those used under 11 U.S.C. § 523, then in the absence of a countervailing statutory policy, collateral estoppel may bar the relitigation of those issues in bankruptcy court. *Brown v. Felsen*, 442 U.S. 127, 139, fn. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); *U. S. v. Hernandez*, 572 F.2d 218, 220 (9th Cir., 1978); *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir., 1975); *Restatement of the Law*, 2d, Judgments, § 68 (Tent.Draft No. 1, March 28, 1973).

■ The Court of Appeals in this Circuit softened the preclusive effect of collateral estoppel by requiring the bankruptcy judge to give the state court fraud judgment only prima facie effect in establishing fraud provided that the judge independently determined the related dischargeability issue. This means that if the elements of collateral estoppel are otherwise present, the parties have the right in an appropriate case to supplement, to reexamine, or to attack the prior determination or its effect on any federal bankruptcy basis. *In re Houtman*, 568 F.2d 651 (9th Cir., 1978). Collateral estoppel should be just as available to the debtor defensively as it was used offensively by the creditor in *Houtman*. Summary judgment is an appropriate means to decide whether the prior determination should be given this limited collateral estoppel effect. *In re Westgate—California Corp.*, 642 F.2d 1174 (9th Cir., 1981).

Both materiality and reasonableness are elements of bankruptcy fraud under 11 U.S.C. § 523(a)(2)(A) and plaintiff's contention that the state court's instruction by including these elements creates a dissimilarity of issues is rejected. *In re Harris*, 458 F.Supp. 238, 243 (D.Or., 1976); aff'd 587 F.2d 451 (9th Cir., 1978), cert. den. 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979); *In re Ashley*, 5 B.R. 262, 266 (Bkrtcy.E.D. Tenn., 1980). To the extent that the jury instructions do not reflect a mirror image of the elements of fraud in bankruptcy under 523(a)(2)(A), any additional elements enumerated in the state court jury instruction are included in the element of causation. The general finding on all elements of the state fraud action necessarily includes a favorable finding for the defendant on each of the elements of the federal action, regardless of how plaintiff might restate allegations of fact in the later action.

■ The finding in favor of the plaintiff by the state court jury on the cause of action under Oregon's Unfair Trade Practices Act and the award of punitive damages under that Act is not inconsistent with the jury finding in favor of the defendant on the fraud issue and does not establish collateral estoppel in favor of the plaintiff or preclude collateral estoppel in favor of the defendant. Common law fraud is a distinct and separate cause of action from an action under Oregon's Unfair Trade Practices Act and involves a lower standard of proof than the clear and convincing standard applicable to common law fraud and dischargeability. *State ex rel. Redden v.*

*Discount Fabrics*, 289 Or. 375, 615 P.2d 1034 (1980).

For the foregoing reasons, defendant is entitled to an order granting summary judgment, determining the debt described in the complaint to be dischargeable, and dismissing the complaint.