**In re Solomon HURIASH, Debtor.**

**Richard N. FRIEDMAN, Plaintiff,**

**v.**

**Solomon HURIASH, Defendant.**

**Bankruptcy No. 82–01247–BKC–JAG.**
**Adv. No. 82–0882–BKC–JAG–A.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 28, 1982.

Lance J. Thibideau, c/o Esler & Kirschbaum, P.A., Fort Lauderdale, Fla., for debtor-defendant.

Eric P. Littman, c/o Law Offices of Richard N. Friedman, Miami, Fla., for plaintiff-creditor.

### FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding was tried on the complaint of Richard N. Friedman to determine the dischargeability of a judg-

ment debt to him in the amount of $3,171.23 plus interest. Plaintiff seeks to prevent the discharge under 11 U.S.C. § 523(a)(2)(A) which excepts from discharge debts which were incurred through "false pretenses, a false representation, or actual fraud".

Plaintiff testified that he had brought an action against the debtor, Solomon Huriash, in Dade County Circuit Court. The law suit was based on the fact that Huriash took money out of a corporation while Friedman was a judgment creditor of the corporation and Huriash was a principal. Plaintiff testified that the Circuit Court case was fully defended, that testimonial and documentary evidence was presented, and that the trial took eight to nine hours. Judgment for Friedman was entered in that case on December 11, 1980.

A copy of the state court final judgment was not offered into evidence in this adversary. However, a copy is attached to the adversary complaint and at trial defendant apparently admitted the validity of the judgment and authenticity of the copy attached. Two findings were made by the state court which relate to the facts giving rise to fraud:

> 3. That Plaintiff's good faith effort to execute on said judgment against Defendant FORT DAVID was returned by the Dade County Sheriff's Department nulla bona, because of the liquidation and concealment of the assets of FORT DAVID by Defendant SOLOMON HURIASH, then President, Chairman of the Board, and a principal stockholder of FORT DAVID.

> 4. That Defendant SOLOMON HURIASH did disburse cash and assets of FORT DAVID realized from such liquidation to himself, his mother, his wife, several directors of FORT DAVID and others, while FORT DAVID was insolvent, in preference to the rightful claim of the Plaintiff, as judgment creditor.

Based on these facts, the state court judge drew the conclusion that Solomon Huriash "did willfully commit a fraud against Plaintiff RICHARD N. FRIEDMAN". Plaintiff rested its case without putting on any fur-

ther evidence, and defendant put on no evidence at all.

■ A state court judgment for fraud is not *res judicata* in this case because the issue of dischargeability is a point of federal law and a different issue, which is to be decided by a bankruptcy court. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, collateral estoppel (issue preclusion) might apply.

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [now 11 U.S.C. § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown v. Felsen*, 442 U.S. 139, at n. 10, 99 S.Ct. 2213, at n. 10. Such countervailing statutory policy has been found to exist in bankruptcy law, see *Houtman v. Mann, In re Houtman*, 568 F.2d 651 (9th Cir.1978), but the Supreme Court in *Brown v. Felsen* declined to reach that issue.

■ Even if collateral estoppel might apply to prove individual factual issues in a dischargeability case, plaintiff must demonstrate to the bankruptcy court that the same factual issues were decided in the state court, using standards identical to those under 11 U.S.C. § 523. E.g., *Kramer v. Farley, In re Farley*, 15 B.R. 11, 5 C.B. C.2d 549 (Bkrtcy.Or.1981). The fact findings in Friedman's judgment are meager, and although the judgment might be sufficient as prima facie factual evidence which was unrebutted (see *Houtman*), there was no showing at all that the standards applied by the state court were identical to those of § 523(a)(2)(A). Therefore the findings made by the state court in this case are insufficient to predicate a conclusion of nondischargeability in the bankruptcy court. Pursuant to Bankruptcy Rule 921(a), a Final Judgment for defendant is being entered this date.