In re William H. MOULTRIE and Claire J. Moultrie, husband and wife, Debtors.

CLARKS DELIVERY, INC., a California corporation; Donald C. Clark; Norman Clark; and Norman Felger, Plaintiffs,

v.

William H. MOULTRIE and Claire J. Moultrie, husband, Defendants.

Bankruptcy No. 83-03627.
Adv. No. A84-0102.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

July 11, 1985.

Sheena Aebig, Seattle, Wash., for plaintiffs.

Willard Hatch, Seattle, Wash., for defendants.

## MEMORANDUM OPINION AND ORDER

SIDNEY C. VOLINN, Bankruptcy Judge.

### INTRODUCTION

This is an adversary action to determine the dischargeability of a prepetition California judgment on claims for breach of contract and tortious procurement of such breach. Plaintiffs allege that the debt is under 11 U.S.C. § 523(a)(6) which excepts from discharge any debt for willful or malicious injury by the debtor to another entity.

Defendant seeks an·order denying collateral estoppel effect to the California judgment which included an award to one of the plaintiffs of exemplary damages. Plaintiffs make a cross motion for entry of an order applying collateral estoppel, thereby establishing their claims as nondischargeable.

Defendant also moves, in the event of trial, to exclude any of plaintiffs' evidence which concerns breach of contract (rather than tort), contending that simple breach of contract cannot be the basis of a dischargeability action under 11 U.S.C. § 523.

### CONTENTIONS

Defendant seeks an order denying collateral estoppel effect to the California judgment. He proffers three theories: (1) the legal standard for finding willful and malicious injury under § 523(a)(6) requires more specificity as to intent than the standard applied by the California court in awarding exemplary damages; (2) the burden of proof required to prove willful and malicious injury in bankruptcy is greater than the preponderance of the evidence burden of proof for exemplary damages in California; and (3) since no special findings were entered by the jury, damages were awarded on alternative grounds of tort or contract and therefore not necessarily for tortious conduct as required by § 523(a)(6). The defendant also moves to exclude evi-

dence that concerns only breach of contract rather than tort theory.

Plaintiffs oppose the defendant's motions and make a cross-motion for an order giving collateral estoppel effect to the California judgment intending thereby to establish all of their claims as nondischargeable. Plaintiffs discuss certain issues which are not reached here, to-wit, (1) whether a less than intentional standard is applicable to 11 U.S.C. § 523(a)(6) excepting intentional torts from dischargeability, (2) whether the "conscious disregard" standard of Calif. Civ.Code § 3295 is sufficiently equivalent to the intent required by § 523(a)(6), (3) whether there is a different or greater burden of proof in dischargeability cases (other than fraud) beyond preponderance of the evidence, and (4) whether breach of contract claims may be the basis for a nondischargeability claim under any aspect of § 523.

## FACTUAL SUMMARY

Debtor Moultrie was a senior officer of WITS, Inc., a freight forwarding business based in Seattle. WITS entered into a contract with Clarks Delivery, Inc., to develop business in the Los Angeles area. They had some shared Los Angeles office space. Clarks funneled its existing customers to WITS, provided truck drivers and trucks, and helped to increase WITS' business in the Southern California area. WITS in turn provided money for sales promotion and paid Clarks five percent of the net profit on a quarterly basis. Plaintiffs Donald Clark, Jack Clark, Norman Clark and Howard Felger were the principals in Clarks Delivery, apparently having formed the company after reaching agreement with WITS and leaving employment elsewhere.

The relations between the two companies continued with increasing mutual involvement until 1977 when WITS unilaterally terminated the relationship in a manner allegedly contrary to the written agreements.

Clarks and its principals sued WITS, Moultrie and others in California Superior Court. Suit was upon twelve causes of action, some in contract and some in tort. The matter was tried before a jury in a complex three week trial. Judgment was rendered for the plaintiffs who were awarded compensatory damages jointly and severally as follows: Donald Clark $75,000, Jack Clark $50,000, Norman Clark $34,000, Norman Felger $85,000, and Clarks Delivery $1,325,000, for a total judgment of $1,569,000 plus $450,000 in attorney fees. Clarks Delivery was also awarded exemplary or punitive damages against Moultrie individually in the amount of $50,000. The individual plaintiffs were not awarded any exemplary damages against Moultrie. The jury was instructed to award exemplary damages if it found defendant guilty of malice, oppression or fraud which was defined as conduct intended to cause injury or carried on with conscious disregard for the rights of others. The burden of proof was preponderance of the evidence. The jury did not enter special findings. The judgment is on appeal.

After judgment was entered Moultrie filed a Chapter 7 bankruptcy in this court. Plaintiffs filed this adversary action alleging that the judgment embodies a nondischargeable debt for willful and malicious injury under § 523(a)(6).

## DISCUSSION

### A.

Although the parties have submitted numerous briefs in connection with this matter they have not addressed the threshold question of whether collateral estoppel is available in dischargeability cases to preclude relitigation of issues actually and necessarily decided in a prior state court suit. More particularly there has been no discussion as to the import in this circuit of *In re Houtman,* 568 F.2d 651 (9th Cir. 1978).

The plaintiffs seek a ruling that their California judgment should be accorded full faith and credit here and that the doctrines of *res judicata* or collateral estoppel should be applied to preclude trial of

the issue of whether or not the debtor's actions were willful and malicious in nature and therefore nondischargeable. *Res judicata,* or claim preclusion, precludes further litigation of any claim which was or might have been presented in a claim brought to final judgment in a court of competent jurisdiction. Collateral estoppel, or issue preclusion, precludes relitigation of individual issues of fact or law that were actually litigated and necessarily decided in a prior suit, whether on the same or a different claim. It does not bar entire causes of action. See *Restatement (Second of Judgments* §§ 24 and 27 (1982); Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy (First Installment* ), 58 Am.Bankr.L.J. 349 (Fall 1984); *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979). Since the plaintiffs in this action contend that the issue of willful and malicious injury was actually litigated and necessarily decided by the California jury when it awarded punitive damages for malice, fraud or oppression, the issue before this court is not one of *res judicata.* The issue is whether to accord collateral estoppel effect to the California judgment.

The Supreme Court recently discussed the requirements of preclusion in the context of full faith and credit, *Marrese v. Amer. Acad. Ortho. Surgeons,* 470 U.S. ——, ——, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274, 281 (1985):

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738.... This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes be-

> yond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." (citations omitted.) Section 1738 embodies concerns of comity and federalism that allow the States to determine ... the preclusive effect of judgments in their own courts.

In *Marrese* the court rejects a judicially created exception to § 1738 in an antitrust context. However, court does recognize exceptions to § 1738 where Congress has granted exclusive jurisdiction over a matter to the federal courts and clearly intends to override § 1738. Dischargeability in bankruptcy is cited as one example of Congressional intent to override § 1738. *Id.* —— U.S. ——, 105 S.Ct. at 1335, 84 L.Ed.2d at 285, referring to *Brown v. Felsen, supra.*

In *Brown v. Felsen* the Supreme Court held that because of the grant of exclusive jurisdiction over dischargeability, bankruptcy courts may not apply the doctrine of *res judicata* when considering the effect of state court judgments in dischargeability cases. *Id.* 422 U.S. at 138–39, 99 S.Ct. at 2212–13. The Court reserved the question of whether or not collateral estoppel may be applied to preclude relitigation of issues actually and necessarily decided in a prior state court suit, stating:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, *in the absence of countervailing statutory policy,* would bar relitigation of those issues in the bankruptcy court. (emphasis added)

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

The issue reserved is the one before this court. Review of case law shows that since *Brown v. Felsen,* lower courts have split on the collateral estoppel issue. Some courts have given full issue preclusion effect to prior state court judgments. See *e.g. Matter of Ross,* 602 F.2d 604 (3rd Cir. 1979); *Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir.1981); *In re Pitner,* 696 F.2d 447 (6th Cir.1982); *Schwartz v. Ren-*

*ville Farmers Co-Op Credit Union,* 44 B.R. 266 (DC Minn.1984); *In re Mueller,* 34 B.R. 869 (Bkrtcy.D.C.Colo.1983). These courts point to the foregoing language in *Brown v. Felsen,* and hold that there is no reason to relitigate issues that were necessary to the outcome of the state court suit since the parties had every incentive to litigate vigorously before state courts which are as capable and fair as bankruptcy courts. Thus, while the bankruptcy courts have exclusive jurisdiction to draw the legal conclusion that a debt is nondischargeable by applying the bankruptcy statute to the facts, there is no reason to relitigate the facts. See *In re Mueller,* 34 B.R. at 871, citing *Spilman v. Harley, supra.*

Additional arguments in favor of issue preclusion include encouraging reliance on judicial decisions, barring vexatious litigation, and considerations of judicial economy. There is no question that careful use of the doctrine of collateral estoppel can help free judicial resources for the resolution of other disputes. See *Brown v. Felsen,* 442 U.S. at 131, 99 S.Ct. at 2209; Vestal, *Rationale of Preclusion,* 9 St. Louis U.L.J. 29 (1964); Ferriell at 350.

However, other courts, particularly the Ninth Circuit, take the view that Congress granted exclusive jurisdiction over bankruptcy dischargeability issues to bankruptcy courts and therefore the use of collateral estoppel is barred. See *e.g. Houtman, supra; In re Lilley,* 8 B.R. 561 (Bkrtcy.E.D.Penn.1981); *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980). *In re Smith,* 42 B.R. 927 (Bkrtcy.E.D.Penn.1984); *In re Farley,* 15 B.R. 11 (Bkrtcy.D.Ore.1981). In *Houtman* the Ninth Circuit stated:

> ... that a grant of exclusive jurisdiction to federal courts does not automatically preclude the application of the doctrine of collateral estoppel.... However, we believe that collateral estoppel is inappropriate when "a new determination is warranted ... by factors relating to the allocation of jurisdiction between (the two courts)" (citation omitted.)

568 F.2d 653 n. 2. In *Derish v. San Mateo-Burlingame Bd. of Realtors,* 724 F.2d 1347, 1351 (9th Cir.1983), the court comments on the *Houtman* decision:

> In *Houtman* the factors related to the allocation of jurisdiction clearly disfavored application of preclusion doctrines. The case involved discharge of a debt in bankruptcy, a judicial process designed as nearly as possible to adjudicate at one time in a single forum all the claims against the estate of a debtor, see S.Rep. No. 91–1173, 91st Cong., 2d Sess. 9 (1970), and Congress clearly specified the exclusive jurisdiction of the bankruptcy court in this area, see H.Rep. No. 91–1502, 91st Cong., 2d Sess. 2 (1970), reprinted in 1970 U.S.Code Cong. & Ad. News 4156. *Cf.* 15 U.S.C. § 15.

It appears that the Ninth Circuit, by limiting the application of issue preclusion in dischargeability cases and thus preserving the jurisdiction of the bankruptcy court, was, in a sense, a precursor of *Brown v. Felsen* which prevents the application of *res judicata* claim preclusion to bankruptcy cases. See *In re Comer,* 723 F.2d 737, 740 (1984). Other Ninth Circuit cases following the *Houtman* reasoning include *Lawrence T. Lasagna, Inc. v. Foster,* 609 F.2d 392 (9th Cir.1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Matter of Kasler,* 611 F.2d 308 (9th Cir.1979); *In re Rahm,* 641 F.2d 755 (9th Cir.1981).

It should be noted that recent Supreme Court decisions regarding implied repealer exceptions to the § 1738 full faith and credit statute, such as the bankruptcy dischargeability statute, have been narrow in scope and require clear Congressional intent. See *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 467, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982); *Marrese, supra.*

Nonetheless, the Ninth Circuit is of the opinion that the "countervailing statutory policy" referred to in *Brown v. Felsen,* footnote 10, has been sufficiently stated by

Congress to overcome § 1738 in bankruptcy dischargeability cases where either *res judicata* or collateral estoppel is involved. As stated in *Houtman:*

> The 1970 amendments to the Bankruptcy Act imposed upon the bankruptcy courts exclusive jurisdiction to determine dischargeability. As we read those Amendments there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in § 17(a)(2), (4), and (8) of the Bankruptcy Act.

568 F.2d at 653–54. Section 523(a)(2), (4), and (6) contain the current versions of § 17(a)(2), (4), and (8) of the Bankruptcy Act of 1898. The Ninth Circuit law in this situation is the same under the Bankruptcy Code. See *In re Comer, supra; Derish, supra; Matter of Eskenazi,* 6 B.R. 366, 368 (BAP 1980).

■ This court is bound by the decisions of the Ninth Circuit, *In re Houtman* and the cases following it which hold that the doctrine of collateral estoppel does not apply to § 523(a)(6) dischargeability cases. The plaintiffs' motion to establish by collateral estoppel the nondischargeability of the debts against defendant arising from the California judgment should therefore be denied.

### B.

■ Nevertheless the prior proceedings may be given some effect. "At most, a prior judgment establishes a *prima facie* case of nondischargeability which the bankrupt is entitled to refute on the basis of all relevant evidence." *In re Rahm,* 641 F.2d at 757. *In re Farly,* 15 B.R. at 13. Therefore, the plaintiffs may submit the California Superior Court record as evidence and argue that it establishes a *prima facie* case in the discharge proceedings.

■ As to the other issues, this court reserves ruling on whether sufficiently identical standards were used in California to establish malice and whether the burden of proof was the same as in bankruptcy court. However, even if the standards

were identical, thus permitting use of the record to establish a *prima facie* case, the parties should note that the evidence currently before this court is not sufficient to permit a determination of whether or not the California Court record constitutes a *prima facie* case under § 523(a)(6). Plaintiff appears to contend that all of the $1,569,000 in compensatory damages is nondischargeable. Yet the jury awarded damages in different amounts to each of five different plaintiffs. The full amount is not owed to any one plaintiff. Punitives of $50,000 were awarded against Moultrie in favor of only one of the plaintiffs, Clarks Delivery, Inc. Therefore, it is not possible to determine from the present record what amount of damages, awarded to which plaintiffs, is the result of willful and malicious injury, if any.

Much is made of the literal difference between the phrase "conscious disregard" appearing in the jury instructions and the "intentional" standard of 11 U.S.C. § 523(a)(6). This may be a purely semantic distinction. A tortfeasor who consciously disregards the integrity of the body or property of another person has at the time of his conscious misdeed the same mental configuration as a person who intentionally commits an identical offense. It is difficult to see how, for example, a person uttering slanderous statements consciously disregarding the right of a person not to have damaging lies told about him, has any different mental state than one who intentionally says the same thing. See *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d 22, 122 Cal.Rptr. 218 (1975).

■ Another issue concerns the amount of damages awarded to each plaintiff for *tort* causes of action as opposed to contract causes of action. On the current state of the record it is not possible to make that determination. Only debts arising from tortious acts are nondischargeable under § 523(a)(6). *Barbachano v. Allen,* 192 F.2d 836, 838 (9th Cir.1951). Plaintiff sued in California under 12 causes of action. Those causes of action involved tort and

contract theories. No special findings were entered by the jury. Nothing has been presented to permit this court to determine the extent to which damages were awarded to particular plaintiffs on the basis of tort causes of action.

In conjunction with his motion to deny collateral estoppel effect to the California judgment, defendant moves to exclude evidence of claims based solely on contract theories and points to responses to certain interrogatories. While it is true that some of the acts alleged involve breach of contract they may also involve tortious acts such as interference with contract relations. Plaintiffs should be allowed to prove that each allegation involves tortious activity and the court declines to preclude evidence regarding any claim at this time. At trial the parties should address the issue of whether breach of contract with intent to injure falls under § 523(a)(6). See *In re Haynes*, 19 B.R. 849 (Bkrptcy.E.D.Mich. 1982). Defendant's motion to exclude evidence is denied without prejudice to renewal at the time of trial, subject to an offer of proof by plaintiffs.

### CONCLUSION

The doctrine of collateral estoppel is not available to establish the California judgment as nondischargeable under § 523(a)(6), nor have the plaintiffs yet made a sufficient showing to warrant granting it *prima facie* effect. The issues stated in this opinion as being reserved may be addressed by the parties in the further course of these proceedings and at the time of trial.

It is so ORDERED.