**In re Anthony Gaetano BOTTAGARO
aka Tony Bottagaro, Debtor.**

**Norbert J. LUKAS, Plaintiff/Appellant,**

v.

**Anthony G. BOTTAGARO,
Defendant/Appellee.**

**Bankruptcy No. 86–B–02611J.
Adv. No. 86–J–0661.
Civ. A. No. 86–F–2424.**

United States District Court,
D. Colorado.

Oct. 13, 1987.

Jeffrey A. Chase, Denver, Colo., for plaintiff/appellant.

Donald J. Humphrey, Richard C. Nehls, Boulder, Colo., for defendant/appellee.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

Norbert J. Lukas ("Lukas") brings this appeal from the United States Bankruptcy Court for the District of Colorado pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Bankruptcy Rules. He challenges the bankruptcy court's order granting summary judgment on his complaint to determine nondischargeability of debt. For the reasons stated below, we find that the bankruptcy court correctly dismissed Lukas' complaint, and we AFFIRM its decision.

## PROCEDURAL HISTORY

The following facts are pertinent in deciding this appeal. In 1985, Metro National Bank brought a civil action in Denver District Court against Lukas, his former partners Anthony G. Bottagaro ("Bottagaro") and Thomas E. Willard ("Willard"), and their partnership, Transcontinental Equities, Ltd. ("Transcontinental"), for payment on a promissory note. Lukas filed crossclaims against Bottagaro, Willard, and Transcontinental for fraud, breach of fiduciary duty, breach of contract to indemnify, and other breaches of legal duties. Bottagaro, Willard, and Transcontinental filed crossclaims against Lukas for fraud and breach of fiduciary duty.

On March 18, 1986, Bottagaro, Willard, and Trancontinental confessed liability on their obligation to indemnify Lukas in a Stipulation and Joint Motion submitted to the Denver District Court. The stipulation further provided that Lukas agreed to have his other crossclaims dismissed with prejudice, while Bottagaro, Willard, and Transcontinental stipulated that their crossclaims against Lukas also would be dismissed with prejudice. The Stipulation and Joint Motion was approved by formal order on April 22, 1986.

Following settlement of the state court action in Denver District Court, Bottagaro filed a petition for bankruptcy. Lukas responded on July 17, 1986, by filing a Complaint to Determine Nondischargeability of Debt, alleging that the debt owed to him arose out of false pretenses, actual fraud, and fraud or defalcation by Bottagaro acting in his fiduciary capacity. On August 20, 1986, Bottagaro filed a motion to dismiss Lukas' complaint. The bankruptcy court decided the matter on the briefs submitted by the parties and dismissed Lukas' claim with prejudice by order dated October 20, 1986.

In dismissing Lukas' complaint, the bankruptcy court held: (1) the doctrine of collateral estoppel barred plaintiff from relitigating issues raised in the prior state court action and dismissed by the state court's order granting the parties' stipulation and joint motion; (2) the fiduciary relationship alleged in plaintiff's complaint was insufficient, as a matter of law, to support a claim under 11 U.S.C. § 523(a)(4); and (3) the fraud claims asserted in plaintiff's complaint were not pled with the particularity required by Rule 9 of the Federal Rules of Civil Procedure. Following the bankruptcy court's denial of plaintiff's motions to alter or amend judgment, plaintiff initiated this appeal.

## ANALYSIS

This Court is bound to accept the findings of the bankruptcy court unless those findings are clearly erroneous. *In re Golf Course Builders Leasing, Inc.,* 768 F.2d 1167, 1169 (10th Cir.1985). After reviewing the record and the briefs filed by the parties in this appeal, we must affirm the decision of the bankruptcy court that plaintiff Lukas was collaterally estopped from relitigating the issues raised by his cross-claims in the prior state action.[1]

■ Although the Tenth Circuit has not decided the issue, the majority of circuit courts have held that a bankruptcy court may apply the doctrine of collateral estoppel in dischargeability proceedings so long

as the requirements for application of the doctrine are met. *Balbirer v. Austin,* 790 F.2d 1524, 1528 (11th Cir.1986); *Matter of Shuler,* 722 F.2d 1253, 1256 (5th Cir.1984), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981); *Matter of Ross,* 602 F.2d 604, 608 (3d Cir.1979). *But see In re Rahm,* 641 F.2d 755, 757 (9th Cir.1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981) (prior judgment can establish only a prima facie case in the bankruptcy court's dischargeability proceeding). Collateral estoppel is properly applied to a subsequent action if: (1) the issues previously decided is identical to the ones presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issues in the prior action. *In re Lombard,* 739 F.2d 499, 502 (10th Cir.1984). On appeal, Lukas admits that the issues raised in the state action are identical to those raised by his nondischargeability complaint, that there is identity of parties, and that he had a full and fair opportunity to litigate the issues in the prior state action. The only question in dispute is whether Lukas' claims were actually litigated in the prior state court proceeding. (Opening Brief at 8). Lukas argues that the consent judgment entered by the state court should not be given collateral estoppel effect because the claims dismissed by it were not actually litigated. We disagree.

■ Consent judgments, such as the one entered by the Denver District Court dismissing Lukas' claims with prejudice, represent a final decision on the merits where the parties intended the stipulation of settlement and judgment entered thereon to adjudicate, once and for all, the issues raised in that action. *Southern Pac. Communications Co. v. Am. Tel. & Tel. Co.,* 740 F.2d 1011, 1021 (D.C.Cir.1984); *Yachts Am., Inc. v. United States,* 673 F.2d 356, 361–62, 230 Ct.Cl. 26, *cert. denied,* 459 U.S.

---

1. We do not find it necessary to review the other grounds cited by the bankruptcy court for granting summary judgment against Lukas.

839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); *Green v. Ancora–Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir.1978). Lukas failed to present any evidence to the bankruptcy court, by affidavit or otherwise, that the parties did not intend the stipulation and judgment entered thereon to constitute a final adjudication of his crossclaims. Absent such contrary evidence, the bankruptcy court correctly concluded that no genuine issue of material fact existed as to the parties' intent in entering into their consent judgment. *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir.1980) (once a properly supported summary judgment motion is filed, the party opposing summary judgment must respond with evidence, in affidavits or otherwise, showing the existence of a genuine issue of material fact). Because the bankruptcy court did not err in assuming that the parties intended their settlement agreement to resolve Lukas' fraud and breach of fiduciary duty claims with finality, we find that the court properly precluded Lukas from relitigating these claims in a nondischargeability action. Accordingly,

IT IS ORDERED that the order of the bankruptcy court granting summary judgment be AFFIRMED and this appeal DISMISSED.