**In re Josephine ALBA, Debtor.**

**Margaret HERKO, Plaintiff,**

**v.**

**Josephine ALBA, Defendant.**

**Bankruptcy Nos. 89–02970 BKC–SMW, 89–0343 BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 14, 1989.

---

**3.** Reliance must be reasonable and ordinary precautionary measures must be used. *In re*

William J. McPharlin, P.A., Ft. Lauderdale, Fla., for defendant.

Kenneth L. Minerley, Sherr, Tiballi, Fayne & Schneider, Ft. Lauderdale, Fla., for plaintiff.

Milton Gene Friedman, Ft. Lauderdale, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the Complaint of MARGARET HERKO (the "Creditor"), for non-dischargeability of a debt pursuant to 11 U.S.C. Section 523(a)(4) against JOSEPHINE ALBA (the "Debtor") and the Debtor having moved for a dismissal of the action after the Creditor completed the presentation of her case, and the Court having examined the evidence presented, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1334(b) and Section 157(a) and (b). This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. Section 157(b)(2)(I).

The Creditor brings this action pursuant to Section 523(a)(4) which states that:

*Hunter,* 780 F.2d 1577, 1579–80 (11th Cir.1986).

"(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;"

The Creditor introduced into evidence a certified copy of the Final Judgment entered by the Circuit Court of Broward County, Florida in Case No. 86–19895 CS, together with a certified copy of the Complaint. The Creditor thereupon rested without introducing any further evidence or documents, choosing to rely solely on the collateral estoppel effect of the state court judgment.

The requirements for collateral estoppel were set forth by the Court *In re Held,* 734 F.2d 628, 629 (11th Cir.1984) which stated:

"The doctrine of collateral estoppel bars relitigation of an issue if three requirements are met:

(1) that the issue at stake be identical to the one involved in the prior litigation;

(2) that the issue have been actually litigated in the prior litigation; and

(3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.

*Deweese v. Town of Palm Beach,* 688 F.2d 731, 733 (11th Cir.1982)."

However, the state court Final Judgment entered into evidence in this case contains no findings of fact on which this Court could make a determination of the factual issues decided in the state court, and whether the state court used standards identical to those required under 11 U.S.C. Sec. 523. See e.g. *In re Huriash,* 26 B.R. 372 (1982).

Therefore, this Court cannot give collateral estoppel effect to the state court Final Judgment.

In conclusion, this Court finds that said Final Judgment of the Circuit Court of Broward County, Florida, is insufficient to sustain a finding by this Court that the debt is non-dischargeable under Section 523(a)(4).

Accordingly, this Court finds that the Debtor's motion for dismissal should be granted.

A separate Final Judgment Of Dismissal has been entered in conformity herewith.