**In re Norman Gerard HANSEN, Debtor.**

**Harry NIER, Plaintiff–Appellant,**

v.

**Norman Gerard HANSEN, Defendant–Appellee.**

**Civ. A. No. 89–K–1707. Bankruptcy No. 88–B–13073–J. Adv. No. 89–J–110.**

United States District Court, D. Colorado.

Aug. 29, 1991.

Richard K. Rufner, Englewood, Colo., for plaintiff-appellant.

Diana DeGette, Denver, Colo., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Before me is an appeal of the bankruptcy court's decision rejecting appellant's argument that the debtor is collaterally estopped from relitigating issues settled in state court. Appellant is a judgment creditor of the debtor. The judgment arose from a state court action the appellant filed against the debtor. That suit ended with the debtor signing a "Stipulation and Confession for Entry of Judgment." Now in the bankruptcy court, the debtor seeks to relitigate whether he committed fraud and a willful/malicious injury. I conclude the confession of judgment collaterally estopped the debtor from relitigating the fraud and willful/malicious injury issues. Hence, the bankruptcy court is reversed.

In October, 1984, the debtor purchased real property from the appellant and executed a promissory note in partial payment for the purchase. The other form of payment was a stock exchange agreement. Under this agreement, restructured shares of stock in a company known as Diamond Hill Industries would be offered as payment. Later, in an all too familiar scenario, the due date on the promissory note passed without activity. The stock proved worthless. Appellant sued.

In a complaint filed in District Court, City and County of Denver, appellant set out three claims for relief. First, appellant claims debtor breached the terms of the promissory note for $80,600. Second, debtor made fraudulent misrepresentations which damaged the appellant in the amount of $20,000. Third, debtor fraudulently induced appellant to enter into the real estate contract by touting what he knew was worthless stock.

On the eve of trial, the parties settled. In paragraph one of the "Stipulation and Confession for Entry of Judgment," debtor "confesses to liability on Plaintiff's First, Second, and Third Claims for relief as pleaded herein and to compensatory damages relating thereto in the amount of $80,-600 plus interest...." After the judgment was entered, debtor filed a voluntary Chapter 7 bankruptcy petition.

Now a judgment creditor, appellant filed his objection to the discharge debt in the bankruptcy court. Appellant argued his claim was non-dischargeable under the terms of 11 U.S.C. §§ 523(a)(2) and (a)(6) (1979 and Supp.1991). These provisions of the bankruptcy code protect certain forms of debt from discharge.

(a) A discharge under section 727, 1141, 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— ...

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

      (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Debtor confessed judgment to all three of plaintiff's claims. Within those claims, appellant alleged the same facts required to prove an exception to discharge under § 523. Hence, appellant argued the debtor is collaterally estopped from denying fraud and willful/malicious injury. Thus, the judgment debt is non-dischargeable.

The bankruptcy court disagreed. He ruled the confession for entry of judgment admitted debtor's liability and nothing else. In a written order dated September 22, 1989, further, the judge refused to estop the debtor collaterally from asserting defenses to appellants non-dischargeability claim.

The issue is whether a state court judgment should be given preclusive effect in a bankruptcy proceeding. Since October 27, 1989, the bankruptcy court proceedings have been stayed. On May 17, 1990, I granted leave to appeal the interlocutory order on this issue. Because I am reviewing the bankruptcy court's conclusion of law, I review the decision *de novo*.

The collateral estoppel issue was addressed in the recent decision, *Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605 (10th Cir.1991). In that case, the state trial court specifically found the debtor's breach of his fiduciary duties were attended by circumstances of fraud and wanton disregard or reckless disregard of the plaintiff's rights and feelings. The

Tenth Circuit concluded these findings demonstrated the factual showing of fraud necessary to invoke non-discharge of debt under 11 U.S.C. § 523(a)(4). In bankruptcy, the debtor was collaterally estopped from relitigating the presence of fraud.

The present case adds an additional wrinkle. In *Tsamasfyros*, the court had the benefit of detailed findings by the trial court. Here, I apply only the terms of a confession of judgment to the fraud provisions of § 523. A review of the case law applying the principle of collateral estoppel to bankruptcy proceedings convinces me the result is the same.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court discussed *res judicata* and collateral estoppel effect of state court pronouncements on the bankruptcy court. The Court held *res judicata* cannot prohibit the debtor from presenting additional evidence. Bankruptcy, the Court held, is a new defense and the entire claim cannot be precluded from being heard. Collateral estoppel, however, is about issue preclusion. If the state trial court resolved a factual issue, it is duplicative to re-litigate the same factual issue in a fresh forum.

[C]ollateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act; similar to section 523 of the present Bankruptcy Code], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of these issues in the bankruptcy court.

*Brown*, 442 U.S. at 139 nt. 10, 99 S.Ct. at 2213 nt. 10 (footnotes omitted).[1]

The Tenth Circuit in *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762 (10th Cir. 1988) determined that while the bankruptcy court ultimately decides if a debt is dischargeable under § 523, collateral estoppel

---

1. The argument that the "standards" are different in state court than they are in bankruptcy court was resolved in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

There, the Court adopted a "preponderance of the evidence standard" of proof which parallels the standard used in state court civil actions.

may be invoked to prevent a party from relitigating settled facts. The court then announced three conditions which, if satisfied, result in a party being bound by previous litigation: "1) the issue to be precluded is the same as that involved in the prior state action, 2) the issue was actually litigated by the parties in the prior action, and 3) the state court's determination of the issue was necessary to the resulting final and valid judgment." *Wallace*, 840 F.2d at 765.

▪ The issue in state court to be compared with the language of § 523 is: 1) did the debtor obtain property by fraud, and 2) did the debtor willfully and maliciously injure the appellant. The requirements to prove common law fraud in Colorado are the same as the elements to establish nondischargeability under § 523 and need not be repeated here. *See Northwestern National Insurance Co. v. Barnhart (In re Barnhart)*, 112 B.R. 392, 394 (D.Colo.1990).

▪ Appellant's complaint, in essence, states the debtor purchased real property from the appellant. The debtor misrepresented the value of the consideration he offered in exchange for the property. Furthermore, appellant alleges debtor never intended to compensate him for the property appellant sold. Appellant accuses the debtor of committing fraud and describes various acts of the debtor which satisfy the elements of fraud.

The second and third claims in the appellant's complaint speak to the debtor's intentional misrepresentation of his plans to mortgage the property and the value of the stock offered for its purchase. Section 523(a)(6) deals with "willful" and "malicious" injuries to the property of another. The Tenth Circuit has held that "willful" means intentional and "malicious" means necessarily resulting in injury, *First National Bank of Albuquerque v. Franklin (In re Franklin)*, 726 F.2d 606, 610 (10th Cir.1984). The actions appellant attributes to the debtor satisfy the requirements of § 523(a)(6). Hence, I find the issue in state court was the same as in bankruptcy court.

The second requirement under *Wallace* is that the issue must have been actually litigated. This does not mean the case must have wound its way through every dark corridor of the courthouse. Consent judgments are fully capable of finally resolving all the issues raised in a lawsuit even if there was no trial, *Lukas v. Bottagaro (In re Bottagaro)*, 95 B.R. 766, 767 (D.Colo.1987).

▪ The purpose of the "actually litigated" requirement is two-fold: the party to be estopped must have had: 1) the incentive to pursue the issue, and 2) the opportunity to present its case fully. In *Wallace*, the court concluded the party precluded "had every incentive to litigate the issue in the state-court proceeding ... Wallace cannot complain that he was denied a full and fair opportunity to present his case or litigate the relevant issues." *Wallace* 840 F.2d at 765.

The debtor in this case had the same. The debtor could have taken his case to trial but decided not to expend the resources and face possible sanctions. He admitted all of the appellant's claims as pleaded. I take him at his word. On appeal, however, debtor appears invigorated by the new forum of the bankruptcy court. He tries to avoid his decision to settle by claiming there were no specific findings on the fraud issue in the state court. Without such findings, debtor argues he cannot be collaterally estopped.

The cases debtor cites do not hold that specific findings are needed to determine dischargeability. Those cases which discuss specific findings do so for specific purposes. They do not impose a general requirement of factual findings. For example, in *Lombard v. Axtens (In re Lombard)*, 739 F.2d 499 (10th Cir.1984), the court refused to estop the debtor from discharging his debt because the nature of the debt was unclear from the state court proceedings. The debt was for "architectural services." An issue in the bankruptcy court was whether architectural services are "property" under § 523. Since this issue was not actually litigated and the state court never made a finding on the

issue, the debtor was not collaterally estopped. No such problem exists in this case.

Debtor's desire for specific findings from the trial court is misplaced. At best, the trial court is a third party which resolves the issues before it. In this case, the party himself made a statement about what actually happened. He confessed judgment to a complaint charging him with fraud and willful misrepresentation. Since the gravamen of these acts is intentional conduct, there is no better evidence of intent than the admission of the perpetrator. Specific findings could add nothing to what is already before the bankruptcy court.

Finally, the debtor argues fraud and willful/malicious injury was not necessary to the resulting judgment. Debtor argues the damages agreed to in the stipulation are nothing more than the amount of the breach of contract claim. In the confession of judgment, the issue of additional, punitive damages was postponed. As the confession of judgment now stands, debtor argues no intentional conduct can be inferred.

Although the amount of damages actually contained in the judgment could be based solely on the appellant's first claim for relief, this account ignores the second and third claims. Debtor admitted to willful misrepresentation and fraudulent inducement. Willful injury, and actual fraud are necessary elements to those acts. By admitting to the acts, debtor necessarily admitted to committing fraud and willful/malicious injury.

Accordingly,

IT IS ORDERED the decision of the bankruptcy court denying application of the doctrine of collateral estoppel with respect to appellant's judgment in the state court against the debtor is REVERSED.