**In re Richard KLEINOEDER, Debtor.**

**CLYDE SAVINGS BANK COMPANY, Plaintiff,**

v.

**Richard KLEINOEDER, Defendant.**

**Bankruptcy No. 84–0226.
Related Case: 83–01801.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 10, 1985.

See also, 54 B.R. 33.

Christopher Knight, Clyde, Ohio, for plaintiff.

Michael D. Reed, Sr., Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Trial on the Complaint To Determine Dischargeability in the above entitled adversary action. The Court has heard the evidence offered by the parties and has considered the arguments of counsel. The Court has reviewed that evidence as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that judgment should be entered for the Defendant-Debtor.

## FACTS

On or about July 22, 1983, the Debtor applied for a "roll-over" of an existing loan which had been made by the Plaintiff in 1982. At the time of the application the Plaintiff refused to issue the new loan un-

less it could be secured by some collateral. The Debtor, having previously given the Plaintiff a security interest in a 1969 Penn dump trailer, offered to continue that arrangement for the new loan. The Debtors also agreed that the new loan could be secured by other property which is not the subject of the present dispute.

At the time the original loan was made, the Plaintiff took possession of the certificate of title to the trailer. That certificate reflected the owner of the vehicle to be one "Richard G. Kleinoeder". Richard G. Kleinoeder is the father of Richard J. Kleinoeder, the Defendant-Debtor in this case. The promissory note and the security agreement both reflect that the loan was being made in the name of the Debtor. It does not appear that the Debtor apprised the Plaintiff of the discrepancy between the name on the title and the name on the loan application, inasmuch as he was under the belief that he was the actual owner of the vehicle. It is unclear whether or not the Debtor was authorized by his father to offer the trailer as collateral. It is also unclear whether or not the Plaintiff verbally inquired of the Debtor as to his ownership. However, it is clear that the Plaintiff did not discover the discrepancy at the time either of the loans were made.

Although the Debtor originally filed a voluntary Chapter 11 Petition, the case was subsequently converted to a proceeding under Chapter 7. The property which was subject to the Plaintiff's security interest was abandoned from the estate and surrendered to the Plaintiff. In anticipation of conducting a foreclosure sale, the Plaintiff had the collateral appraised. It was at that time that the Plaintiff learned that the Debtor's father was the actual owner of the trailer. The Plaintiff conducted a sale of the collateral and applied the proceeds of that sale to the existing debt. The unpaid deficiency on the loan amounted to Twelve Thousand Three Hundred Seventy and 60/100 Dollars ($12,370.60). Based on the assertion that use of a certificate to a vehicle in which the Debtor had no interest constitutes a fraudulent representation in the procurement of a loan, the Plaintiff seeks to have the deficiency declared to be nondischargeable.

## LAW

The provisions of 11 U.S.C. Section 523(a)(2) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

In order to demonstrate fraud or a false representation for purposes of Section 523(a)(2), a plaintiff must prove: 1) that the defendant made a representation, 2) that the defendant knew the representation to be false, 3) that it was made with the intent to deceive, 4) that the plaintiff reasonably relied on the representation, and, 5) that a loss was sustained as a result of the reliance. *In re Benson*, 33 B.R. 572 (Bkrtcy.N.D.Ohio 1983). In order to fulfill the element of reliance, it must be shown that under the facts and circumstances, the plaintiff's trust in the representation was reasonable. *In re Ardelean*, 28 B.R. 299 (Bkrtcy.N.D.Ill.1983). It is well established that reasonable reliance is that degree of care which would be exercised in an average business transaction by parties under similar circumstances. *Thorp Credit Inc. of Ohio v. Saunders (In re Saunders)*, 37 B.R. 766 (Bkcy.N.D.Ohio 1984). This standard imposes a duty on the creditor to make a reasonable inquiry as to the veracity of the information provided by the debtor.

In the present case, it is apparent that the presentation of the certificate of title was a representation as to the ownership of the trailer in question. The circumstances under which this representation was made indicate that it was made with the intent that the Debtor be regarded as

the owner of the vehicle. A review of the certificate and the loan application reflect that this representation of ownership was false. Furthermore, it appears that the Plaintiff, an unsecured creditor for the deficiency on the loan, was damaged in the amount of the deficiency as a result of the Debtor's discharge. Based upon these facts, it must be concluded that three of the elements of a cause of action under 11 U.S.C. Section 523(a)(2)(A) have been shown.

There appears to be some question as to whether or not the Debtor knew, at the time he applied for the loans, that the trailer was titled in his father's name. This question of knowledge is created by the conflict between the Debtor's testimony as to the dominion he exercised over the trailer and the fact that his father's name plainly appears on the certificate. While the resolution of this question might, in and of itself, be determinative of the outcome of this case, other facts and circumstances make such a resolution unnecessary. Therefore, for purposes of this case, it will be assumed that the Debtor was aware of the discrepancy, and that he intended to use that mistake to his advantage in procurement of the loan. On the basis of this assumption, the fourth element of an action for fraud will be considered to have been satisfied.

The final element which must be shown is that the Plaintiff reasonably relied on the representation made by the Debtor. As previously indicated, a creditor must exercise a reasonable degree of care in ascertaining the accuracy of the information it is provided when considering a loan application. This duty is made especially important if the lending institution intends to look to the property for satisfaction of the loan in the event of default. A discrepancy between the name on a certificate of title and the name on a loan application is the type of information which should be discovered when reviewing such an application. The failure to verify the fact that the person applying for the loan is the person who owns the collateral being offered is the type of failure which does not comport with the responsibility to exercise reasonable care in a commercial transaction. The failure to exercise due care is compounded by the fact that the Plaintiff was in possession of the title for a considerable period of time after the loan had been made and still did not discover the discrepancy. In the absence of such care, it cannot be said that the Plaintiff reasonably relied on the Debtor's representation. Without reasonable reliance, it must be concluded that the Plaintiff has failed to demonstrate the fifth element of its cause of action. Since a plaintiff cannot prevail in a cause of action unless it proves all the elements of the cause, it also be concluded that the debt in question should be discharged.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby, GRANTED for the Defendant-Debtor.