**In re Roger Dale BICE, Debtor.**

**Rick McPHERON, et al., Plaintiffs,**

v.

**Roger Dale BICE, Defendant.**

**Bankruptcy No. 89–0120.
Related No. 89–00575.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 5, 1991.

Randy L. Reeves, Lima, Ohio, for plaintiffs.

William H. White, Lima, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on the Complaint to Determine Dischargeability of Debt. At the Trial, the parties were afforded the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the evidence and arguments presented, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the debts owed to the following should be nondischargeable: Rick McPheron, Timothy L. Brandehoff, Mike Koenig, John D. Parker, Jim Rupert, Jim Wertz, Dan Cranfield, and Mike Harnisfeger. The Court further finds that the debts owed to Mike Watkins, Brock Douglas, Bob Shaw, Joe Harnisfeger, and Russ Smith should be dischargeable.

FACTS

Based upon the evidence and testimony adduced at Trial, the Court makes the following factual findings. On, or about, February 16, 1988, Roger Bice [hereinafter "Bice"], Defendant/Debtor, was hired by BP Petroleum of Lima, Ohio, [hereinafter "BP"] to provide security services during a strike at the BP plant. Bice, a police officer with the Shawnee Township Police Department, contacted some fellow police officers from surrounding areas and asked them if they were interested in part-time security work during the strike. Bice informed them that they would be paid Twelve Dollars ($12.00) an hour for their services. Rick McPheron, Timothy L. Brandehoff, Mike Koenig, John D. Parker, Jim Rupert, Mike Watkins, Jim Wertz, Brock Douglas, Bob Shaw, Dan Cranfield, Mike Harnisfeger, Joe Harnisfeger, and Russ Smith [hereinafter collectively referred to as "Plaintiffs"] agreed. Bice scheduled and supervised the shifts. He also received one payroll check from BP from which he was to make cash payments to the Plaintiffs. Prior to the first pay, Bice decided to withhold One Dollar ($1.00) an hour from each Plaintiff, allegedly for tax purposes. The Plaintiffs filed this suit to recover the "withholding tax."

Rick McPheron [hereinafter "McPheron"], a police officer with the Shawnee Township Police Department, testified that Bice approached him to work security for Twelve Dollars ($12.00) an hour. When McPheron received his first check, he noticed that he was only receiving Eleven Dollars ($11.00) an hour. He testified that Bice told him that the One Dollar ($1.00) was being withheld for income tax purposes. A total of One Thousand Three Hundred Dollars ($1,300.00) was withheld from McPheron's earnings. McPheron requested the return of this money from Bice and, to date, Bice has refused to return this money to McPheron.

Timothy Brandehoff [hereinafter "Brandehoff"], a patrolman with the Lima Police Department, testified that he had agreed to work security at BP for Twelve Dollars ($12.00) an hour. He testified that on the third night of work, Bice advised him that One Dollar ($1.00) per hour was being withheld for tax purposes. Brandehoff testified that he relied on Bice's statements that the money was withheld and would be used for taxes. After receiving a 1099 form, he discovered that the taxes weren't paid. Brandehoff unsuccessfully requested the money from Bice. Consequently, Brandehoff sued Bice in small claims court in Lima, Ohio, and received a judgment against Bice in the amount of Five Hundred Thirty-two Dollars ($532.00) plus costs at an interest rate of Ten Percent (10%) per year.

Mike Koenig [hereinafter "Koenig"], also a patrolman with the Lima Police Department, testified that Bice contacted him to work for Twelve Dollars ($12.00) an hour. One week after being hired, Bice advised Koenig that he was withholding One Dollar ($1.00) an hour for Koenig's taxes. Koenig testified that he relied on the Defendant to pay the money over to the Internal Revenue Service. Koenig found out that the money hadn't been properly administered when he received his 1099 form. Bice withheld a total of Five Hundred Eighty-four Dollars ($584.00) from Koenig's earnings.

John Parker [hereinafter "Parker"], a patrolman with the Lima Police Department, testified that he worked for Bice on the BP security detail. He testified that the agreement was that he was to be paid Twelve Dollars ($12.00) an hour, but would receive Eleven Dollars ($11.00) an hour, as One Dollar ($1.00) an hour was to be withheld for his taxes. Parker started One and One-half weeks later than the rest of the Plaintiffs. Parker discovered that the taxes weren't paid after some of the other Plaintiffs filed suit in small claims court. Six Hundred Sixty Dollars ($660.00) of Parker's earnings were withheld by Bice.

James Wertz [hereinafter "Wertz"], a patrolman with the Shawnee Township Police Department, testified that he worked the project at BP under the direction of Bice. He testified that he was originally told that he would receive Twelve Dollars ($12.00) an hour in cash. He was advised later that One Dollar ($1.00) an hour would be with-

held for his taxes. Wertz testified that he relied upon the Defendant to pay the tax money to the Internal Revenue Service. He discovered that the Defendant had made no payments to the Internal Revenue Service after he received his 1099 form. A total of Six Hundred Eighteen Dollars ($618.00) was withheld from Wertz's earnings by Bice.

Dan Cranfield [hereinafter "Cranfield"], a Detective on the Fort Shawnee Police Department, testified that he was contacted by Bice to work security for the BP strike. He testified that he was told that he would be paid Twelve Dollars ($12.00) an hour for his services. After receiving his first pay, he discovered that he was only getting Eleven Dollars ($11.00) an hour. When he asked Bice about the discrepancy, Bice responded that the One Dollar ($1.00) an hour was taken out for Cranfield's taxes. Cranfield testified that he relied on the Defendant to pay the money for taxes. Cranfield found out that the money did not go to pay his taxes after he received his 1099 form, which reflected that he earned Eleven Dollars ($11.00) an hour. Bice withheld a total of One Thousand Three Hundred Forty-six Dollars ($1,346.00) from Cranfield's earnings.

Mike Harnisfeger [hereinafter "M. Harnisfeger"], a patrolman with the Fort Shawnee Police Department, testified that he worked the security detail at BP. He said that the Defendant told him he would be paid Twelve Dollars ($12.00) an hour. M. Harnisfeger found out that he was only being paid Eleven Dollars ($11.00) an hour when he went to receive his first pay. He was told by Bice that One Dollar ($1.00) an hour was being withheld for tax purposes. M. Harnisfeger discovered that no tax money was withheld after he received his 1099 form. Bice withheld a total of One Thousand Four Dollars ($1,004.00) from Harnisfeger earnings.

Jim Rupert [hereinafter "Rupert"], a retired police officer with Shawnee Township Police Department, testified that he was hired by Bice to work the security detail at BP at Twelve Dollars ($12.00) an hour. He testified that one week after starting work, Bice told him that One Dollar ($1.00) an hour would be withheld for his taxes. When Rupert received his 1099 form, he discovered that the Internal Revenue Service didn't get the tax money which Bice had withheld. A total of Four Hundred Sixty Dollars ($460.00) was withheld from Rupert's earnings by Bice.

Mike Watkins, Brock Douglas, Bob Shaw, Joe Harnisfeger, and Russ Smith, other police officers employed by Bice during the BP strike, did not testify. As none of these men were present, nor had submitted any evidence supporting their claim, the debt owed to them by Bice must be declared dischargeable.

David Yoakam [hereinafter "Yoakam"], Chief of Police at Cridersville Police Department, testified that he had worked for the Defendant at BP. He testified that Bice told him that the One Dollar ($1.00) per hour was being withheld for *Bice's* expenses. Yoakam claimed that Bice never told him that the money was withheld for tax purposes.

Bice testified that he was the supervisor of the BP security detail. He received one check from BP made out to him. From that check, he paid the Plaintiffs in cash. He admitted that he told the Plaintiffs that he was withholding the money for tax purposes, but he denied that he ever specified that the money was for the Plaintiff's taxes. At a Rule 2004 examination, the Debtor said that he used the money he had withheld from the Plaintiff's earnings to pay his own personal bills and to pay alimony to his wife.

The record reflects no dispute as to the number of hours each Plaintiff worked, or whether or not the security services were properly performed. The only issue presented is whether the debts owed to the Plaintiffs are nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

## LAW

Section 523(a)(2)(A) of the Bankruptcy Code states that:

(a) A discharge ... does not discharge an individual debtor from any debt—

(2) for money, property, [or] services ... to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud. . . .

11 U.S.C. § 523(a)(2)(A).

To succeed in their claim, the Plaintiffs must prove the following elements: (1) that the Debtor made false representations; (2) that at the time made, the Debtor knew them to be false or acted with gross recklessness as to their truth; (3) that the representations were made with the intention and purpose of deceiving the Plaintiffs; (4) that the Plaintiffs reasonably relied on the representations; and (5) that the Plaintiffs sustained the alleged injury as a proximate result of the representation having been made. *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985); *In re Kleinoeder*, 56 B.R. 77 (N.D.Ohio 1985). The Plaintiff's must sustain their burden by a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). If there is room for an inference of honest intent, the question of nondischargeability must be resolved in favor of the debtor. *In re Constantino*, 72 B.R. 231 (N.D.Ohio 1987).

■ The first issue presented before the Court is whether the Debtor made a false representation. It is this Court's opinion that he did. When he hired the Plaintiffs, he hired them at a rate of Twelve Dollars ($12.00) an hour. When the Plaintiffs received their first pay, they realized that they were only earning Eleven Dollars ($11.00) an hour. According to the testimony of eight Plaintiffs, when Bice was questioned as to this discrepancy, Bice told them he was withholding One Dollar ($1.00) per hour from each Plaintiffs' pay in order to pay their taxes. The record reflects that Bice did not make any payments to the Internal Revenue Service on behalf of the Plaintiffs as he had indicated. Bice falsely represented that he was withholding a portion of the Plaintiffs' money for tax purposes. It is apparent that the Plaintiffs sustained a loss in that each Plaintiff lost One Dollar ($1.00) per hour from his wages

and each Plaintiff was still responsible for paying income taxes on the wages earned.

■ Mere breach of contract, without more, does not render a consequent debt nondischargeable under Section 523(a)(2)(A). A fraudulent promise under Section 523(a)(2)(A) requires proof that at the time the debtor made the promise, the debtor did not intend to perform as required. As to whether the Debtor intended to deceive the Plaintiffs at the time the contract was entered into, the Court may consider circumstantial evidence. "Because direct proof of intent (*i.e.*, the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." *Matter of Van Horne*, 823 F.2d 1285, 1286 (8th Cir. 1987). In other words, the debtor's state of mind can be inferred from the debtor's subsequent conduct.

■ At the Trial, the evidence presented and the Debtor's own testimony, reflects that Bice had not paid the Internal Revenue Service the money he had withheld from the Plaintiffs as he had represented he would. Bice refused to turn-over any of the money he withheld from the Plaintiffs when the demand to do so was made. Bice used the money to pay off his own debts. Based upon the foregoing, an inference cannot be negated that the Debtor had the intent to deceive the Plaintiffs when he made the representation that he was withholding money from their earnings for their taxes.

■ As to the issue of reliance, this Court finds that the Plaintiffs' reliance upon the Defendant's statements was reasonable. At the outset, police officers working a detail are told whether they are responsible for paying their own taxes or whether the employer will withhold the money for their taxes. Bice, before the Plaintiffs received their first pay check, told the Plaintiffs that he was withholding money for their taxes. Since this was a normal procedure in such situations, the Plaintiffs reasonably relied upon the Debtor. Although the Plaintiff's might have done more to protect themselves, they were

not required to do more to satisfy the reliance requirement.

The Court finds that the McPheron, Brandehoff, Koenig, Parker, Wertz, Cranfield, M. Harnisfeger, and Rupert have met their burden and accordingly holds that the debts owed by Bice to them are nondischargeable. The Court finds that Mike Watkins, Brock Douglas, Bob Shaw, Joe Harnisfeger, and Russ Smith have not met their burden and, as such, the debts owed by Bice to them are dischargeable.

In judging the credibility of the witnesses, the Court has taken into consideration the witnesses intelligence, age, memory, demeanor while testifying, the reasonableness of the testimony in light of all the evidence of the case, and any interest, bias, or prejudice the witnesses may have. In reaching the conclusions found herein, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the debt in the amount of One Thousand Three Hundred Dollars ($1,300.00) owed to Rick McPheron be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of Five Hundred Thirty-two Dollars ($532.00) plus court costs at Ten Percent (10%) per year owed to Timothy L. Brandehoff be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of Five Hundred Eighty-four Dollars ($584.00) owed to Mike Koenig be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of Six Hundred Sixty-six Dollars ($660.00) owed to John D. Parker be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of Four Hundred Sixty Dollars ($460.00) owed to Jim Rupert be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of Six Hundred Eigh-teen Dollars ($618.00) owed to Jim Wertz be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of One Thousand Three Hundred Forty-six Dollars ($1,346.00) owed to Dan Cranfield be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debt in the amount of One Thousand Four Dollars ($1004.00) owed to Mike Harnisfeger be, and is hereby, declared nondischargeable.

It is FURTHER ORDERED that the debts owed to the following be, and are hereby, Dischargeable:

1. Mike Watkins
2. Brock Douglas
3. Bob Shaw
4. Joe Harnisfeger
5. Russ Smith.