**In re James/Bonnie BAKER, Debtors.**

**Consuelo GARZA, Plaintiff,**

**v.**

**James D. BAKER, Defendant.**

**Bankruptcy No. 91–3317.**
**Related No. 91–31603.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 9, 1992.

Stephen B. Angel, Lorain, Ohio, for plaintiff.

Kenneth A. Blech, Berea, Ohio.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Trial on the Complaint to Determine Dischargeability of Debt. At the Trial, the parties were given the opportunity to present the evidence and arguments they wished the Court to consider in reaching its

decision. The Court has reviewed the testimony, the evidence presented, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that Defendant's debt to Plaintiff should be dischargeable.

## FACTS

The Court finds the following facts. On April 3, 1986, Consuelo R. Garza [hereinafter "Garza"], Plaintiff, consummated a purchase agreement with James D. Baker [hereinafter "Baker"], Debtor/Defendant, to sell Garza's real estate to Baker for Twenty-four Thousand Five Hundred Dollars ($24,500.00). Baker made a Three Thousand Dollar ($3,000.00) down payment. The purchase agreement and escrow instructions together contained the following provisions:

1) A promise by Baker to pay Eighty-three Dollars and Twenty-seven Cents ($83.27) monthly on the first mortgage for Garza's real estate until the balance of Nine–Thousand Dollars ($9000.00) was paid in full or until new buyer financing became available;

2) Baker was to execute a second mortgage to Garza;

3) Garza was to transfer title to Baker within 30 days of the purchase agreement date;

4) Garza's title would be held in escrow, to be conveyed back to Garza, in the event of a breach by Baker.

Garza acted in accord with the agreement when she transferred title to the property to Baker by warranty deed recorded on April 24, 1986. However, Baker did not comply with the agreement.

Baker did not perform his obligation to Garza as he did not execute a note or second mortgage to her. Additionally, on January 29, 1988, Baker transferred Garza's real estate to his partnership, Ideal Investments Unlimited [hereinafter "Ideal"]. Ideal then transferred Garza's property on September 25, 1990, to Charles Adamek, George L. Adamek, and Kathryn E. Adamek [hereinafter "Adameks"]. As per a purchase agreement dated August 25, 1990, according to Baker, the Adameks were to "assume existing mortgages" in the amount of Two Hundred Sixty-two Thousand Eight Hundred Dollars ($262,-800.00) which included the amount due on Garza's mortgage. Furthermore, Baker ceased making the monthly mortgage payments to Garza in October of 1990.

The issue before the Court is whether, under these facts, Baker entered into the purchase agreement with the intent to defraud Garza in violation of Section 523 of the Bankruptcy Code. Garza has requested that Baker's remaining payments be declared nondischargeable, claiming that Baker made false representations regarding the second mortgage, that she reasonably relied upon Baker's representations, and that as a result of the representations she has sustained a material loss. Garza claimed that Baker made these representations with intent to defraud. Baker disagreed and claimed that Garza cannot prove her claim of fraud, as he did not enter into the agreement with the intent to defraud Garza. Baker claimed that the remaining debt owed to Garza was a dischargeable obligation which was sold along with Garza's property. As a result, Baker asserted that the payment liability was effectively transferred to the Adameks as per the Adameks' purchase agreement.

## LAW

Section 523(a)(2)(A) of the Bankruptcy Code provides that:

(a) A discharge ... does not discharge an individual debtor from any debt—

(2) for money, property, [or] the extent obtained by—

(A) false pretenses, a false representation, or actual fraud ...

11 U.S.C. § 523(a)(2)(A).

To succeed in her claim, Garza must prove the following elements: (1) that Baker made false representations; (2) that at the time made, Baker knew them to be false or acted with gross recklessness as to their truth; (3) that the representations were made with the intention and purpose of deceiving Garza; (4) that Garza reason-

ably relied on the representations; and (5) that Garza sustained the alleged injury as a proximate result of the representation having been made. *See, In re Phillips*, 804 F.2d 930 (6th Cir.1986); *In re Martin*, 761 F.2d 1163 (6th Cir.1985); *In re Kleinoeder*, 56 B.R. 77 (N.D.Ohio 1985). Garza must sustain her burden by a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). If there is room for an inference of honest intent, the question must be resolved in favor of the debtor. *In re Constantino*, 72 B.R. 231 (N.D.Ohio 1987).

In the matter *sub judice*, this Court believes that Garza failed to show by a preponderance of the evidence that Baker made an intentional false representation at the time the purchase agreement was consummated. The fraud necessary to prevent the effect of a discharge must exist at the inception of the debt. Garza failed to show that Baker knowingly and fraudulently made false representations to her in order to secure the real estate sale, or that Baker knew at the time of agreement that he would breach his promise to obtain a second mortgage on Garza's real estate after new buyer financing. As such, this Court finds Baker did not make false representations in entering into the purchase agreement, notwithstanding the fact that Baker apparently breached the purchase agreement by not executing a second mortgage to Garza.

According to a letter directed to Lorain County Title Company dated April 3, 1986, Baker stated "the principle [sic] balance to be secured by a note ... after new financing." Baker claimed that he had no knowledge or notice of the second mortgage not being filed and that if he had known, he would have fulfilled his obligation. Baker did not execute a note or second mortgage to Garza as per their agreement, though he did execute one to the City of Lorain. Baker made monthly payments of Eighty-three Dollars and Twenty-seven Cents ($83.27) from April of 1986 to October of 1990, until the mortgage was transferred to the Adameks. This Court finds that Baker's instructions to the title company and his

making payments for Four and One-half Years (4.5) indicative of an intent to fulfill his obligation.

Furthermore, the Court makes this finding notwithstanding that Baker executed a second mortgage on Garza's property, in favor of the City of Lorain, on September 19, 1988. The apparent subsequent violation of the purchase agreement does not establish Baker's knowledge of fraudulent representations or intent to deceive at the time of making the representations on or about April 3, 1986. Baker promised to do something in the future, *i.e.* obtain a second mortgage in favor of Garza. As such, a mere promise as to future conduct is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach. *In re Collins*, 28 B.R. 244 (W.D.Okla.1983); *In re Barker*, 14 B.R. 852, 567 (E.D.Tenn.1981); *Warner v. Jeter*, 115 Ga.App. 6, 153 S.E.2d 626 (1967). A breach of contract by the debtor does not imply existence of actual fraud for the purposes of Section 523(a)(2)(A). *In re Emery*, 52 B.R. 68, 70 (E.D.Pa.1985). That is, subsequent conduct contrary to original representation does not necessarily render the original representation a falsity. *In re Boese*, 8 B.R. 660, 662 (Bkrtcy.D.S.Dak. 1981).

In assessing Garza's claims under the totality of circumstances, this Court finds that Garza has not proven by a preponderance of the evidence that Baker had the requisite fraudulent intent. Even though Baker did not comply with his direction to the title company regarding the second mortgage to Garza, his making of payments for approximately Four and One-half years (4.5) from the date of the purchase agreement demonstrates an intent to comply with the purchase agreement at the time of inception. Therefore, this Court finds Baker did not possess the requisite fraudulent intent to except his debt from discharge, and consequently, his debt to Garza is dischargeable.

Notwithstanding this Court's finding, it should be noted that the Court does not believe that Mr. Baker is the totally honest debtor which the Code was enacted to pro-

tect. This Court believes that Mrs. Garza has been victimized in this case due to the apparent unscrupulous behavior of Mr. Baker. This Court is bound by the Bankruptcy Code in making its decisions and the Code does not provide any redress for Mrs. Garza. Mr. Baker influenced Mrs. Garza to sell her property to him and then subsequently chose to ignore the agreement, all to the detriment of Mrs. Garza. Mr. Baker's actions, though just inside the bounds of the Bankruptcy Code, are outside the bounds of complete honesty. This Court is distressed at the thought that Mrs. Garza was wronged by Mr. Baker and cannot be made whole again, but this Court's hands are bound by the restrictions of the Code.

In judging the credibility of the witnesses, this Court has taken into consideration the witnesses' intelligence, age, memory, demeanor while testifying, the reasonableness of the testimony in light of all the evidence of the case, and any interest, bias, or prejudice the witnesses may have. In reaching these conclusions, this Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the debt in the amount of Eighty-three Hundred Dollars ($8,300.00) owed to Consuelo Garza by Mr. Baker, the Debtor, be, and is hereby, declared dischargeable.

It is FURTHER ORDERED the clerk reschedule the Debtor's Discharge Hearing which has been previously vacated.