In re Philip E. **STEED**, Debtor.

Mary **WAITMAN**, Plaintiff,

v.

Philip E. **STEED**, Defendant.

Bankruptcy No. 91–3351.

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 21, 1993.

Quentin M. Derryberry, Jr., Wapakoneta, OH.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This case comes on for Trial before the Court on Plaintiff's Complaint to Determine Dischargeability of Debt and Motion for Default Judgment. Plaintiff's Attorney was present but Defendant failed to appear. Plaintiff was afforded the opportunity to present her arguments. The Court has reviewed the submitted materials of the parties, exhibits, relevant statutory and case law, as well as the entire record. Based on that review, and for the following reasons, Plaintiff's Motion for Default Judgment should be Denied. The Court finds that the debt of Ten Thousand Dollars ($10,000.00) owed to the Plaintiff is dischargeable under 11 U.S.C. § 727(b) and is not exempted from discharge by 11 U.S.C. § 523(a)(2)(A) and/or (4).

### FACTS

The procedural history of this case is riddled with confusion and neglect on the part of both parties. Defendant filed a Chapter Seven Bankruptcy on April 30, 1991 and his discharge was granted on August 26, 1991 by the Honorable Walter J. Krasniewski. Subsequently, the case was transferred to this Court pursuant to 28 U.S.C. § 455(a). On August 16, 1991, Plaintiff filed a Complaint to Determine Dischargeability of Debt. A Pre–Trial was scheduled for October 16, 1991. Defendant, unrepresented by counsel, filed a Motion for Continuance. The Motion for Continuance was granted and the Pre–Trial was rescheduled for November 12, 1991. Neither Plaintiff nor Defendant did attend. However, Plaintiff's Attorney was present and moved for a default judgment. A Hearing on the Default Judgment was scheduled for January 6, 1992. At this Hearing, Defendant appeared but the

Plaintiff did not. The matter was set for Trial on March 6, 1992.

Prior to Trial, the parties were instructed to supply the Court and opposing party with exhibits, stipulations and briefs. The Defendant submitted to the Court exhibits regarding the debt owed to Plaintiff. Plaintiff filed a Motion for Continuance. The matter was re-scheduled for Trial on December 8, 1992. Defendant, again without the assistance of counsel, filed a Motion to Continue. The Court denied this Motion and the case was called. Plaintiff's Attorney was present but the Defendant did not attend. The Court deemed the matter decisional since both parties were given the opportunity to be heard. The written materials submitted by both parties shall constitute the basis for the Court's decision.

The undisputed factual history of this case is much clearer. On June 19, 1989, Defendant and Plaintiff entered into a contractual agreement whereby Plaintiff invested Ten Thousand Dollars ($10,000.00) to aid Defendant in starting a battery-breaking business. According to the terms of the agreement, Plaintiff was deemed an investment partner. Defendant was assigned the responsibility of supervising day-to-day operations. Defendant also agreed that if the business was profitable, Defendant would repay her the entire investment by June 19, 1990. Defendant does not dispute that this amount was to be repaid to Plaintiff and that the entire amount is still owing.

The Ohio Department of Commerce, Division of Securities, (hereafter "ODC") conducted an investigation into the transaction between Plaintiff and Defendant. They found that the transaction constituted a sale of securities pursuant to Ohio Revised Code § 1707 and that such sale was not exempt from registration required by § 1707. The ODC notified Defendant of its findings as well as Defendant's rights to a hearing. When Defendant failed to request a hearing, ODC issued a Cease and Desist Order.

The disputed facts focus upon the respective parties' intent upon entering into the contractual agreement. Plaintiff claims that the Defendant induced her to invest in the battery-breaking business. Plaintiff also claims that Defendant had no intentions to follow through with their agreement and therefore Defendant breached his fiduciary duty to her. Defendant claims that it was an arms-length transaction and that he has complied with the agreement to the best of his ability.

## LAW

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

**§ 930. Dismissal.**

(a) After notice and a hearing, the court may dismiss a case under this chapter for cause, including—

(2) unreasonable delay by the debtor that is prejudicial to creditors;

## DISCUSSION

Plaintiff's Motion for Default Judgment was filed on December 12, 1991 after Defendant failed to appear at continued Pre-Trial. Plaintiff subsequently filed a Motion for Default Judgment which was scheduled for Hearing on January 6, 1992. Defendant appeared at this Hearing and therefore Plaintiff's Motion for Default Judgment should be Denied.

■ The determination of dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). In order to prove the debt nondischargeable under 11 U.S.C. § 523(a)(2)(A), the debtor must prove (1) that Defendant made a false rep-

358

resentation; (2) that the Defendant knew that the statements were false at the time he made such statements or that he acted with gross negligence in making such statements; (3) that Defendant made the statements with the intention of inducing Plaintiff to invest; (4) that Plaintiff relied on Defendant's statements in entering into the contract to invest; and (5) that Plaintiff had damages as a result of the reliance. *In re Baker*, 139 B.R. 692, 693–94 (Bkrtcy. N.D.Ohio 1992), *In re Bice*, 139 B.R. 662, 666 (Bkrtcy.N.D.Ohio 1991).

It is central to this test that the false representation was known to be false by the debtor at the time it was made. *In re Bice*, 139 B.R. at 666. A subsequent breach of contract or action to the contrary is not by itself proof that the contract was made with intent to defraud. *In re Baker*, 139 B.R. 692, 694 (Bkrtcy.N.D.Ohio 1992). The Plaintiff must prove the elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In this case, the Plaintiff has failed to prove that Defendant entered the contract with an intent to defraud. The Plaintiff has given statements that some of the provisions of the contract were not fulfilled. She has offered proof, through the notice from the ODC that Defendant did not hire an accountant as promised and that the Defendant failed to register the transaction. Again, proof of a subsequent failure, by itself, is not enough to deem the original transaction fraudulent. *In re Baker*, 139 B.R. at 694.

Defendant offered proof, by way of cancelled checks, that he did give Plaintiff a partial payment. He also offered various invoices indicating that he is involved in the battery-breaking business as their contractual agreement provided. Based on the evidence taken as a whole, the Court cannot conclude by a preponderance of the evidence that the Defendant entered into the contract with Plaintiff with an intent to defraud. The Court need not decide if the Plaintiff relied on the statements or if the Plaintiff had damages as a result. Accordingly, because the intent to defraud was not present at the time of the representation, the debt of Ten Thousand Dollars ($10,000.00) is not exempted from discharge under 11 U.S.C. § 523(a)(2)(A).

Plaintiff also relies on § 523(a)(4) to claim the debt as exempted from discharge. This section provides that any debt for "fraud or defalcation while acting in a fiduciary capacity" will be nondischargeable. The Plaintiff must sustain her burden of proof by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The first question under § 523(a)(4) is whether Defendant acted in a fiduciary capacity. Although it is a question of federal law, state law may be consulted. *In re Short*, 818 F.2d 693, 695 (9th Cir.1987) (The Court cited duties such as acting as trustee for affairs of the joint venture, controlling the construction, distributing profits, paying taxes and maintaining books in finding a fiduciary relationship.), *In re Piscioneri*, 108 B.R. 595, 601 (Bkrtcy.N.D.Ohio 1989). State law is used to determine if a fiduciary relationship existed and then that relationship is compared to the federal definition of fiduciary relationship under § 523(a)(4). *McLemore v. Bennett*, 989 F.2d 779 (5th Cir.1993).

The Ohio Revised Code defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Ohio Revised code 1775.05(A). The Code further states that sharing in profits, although not irrebuttable evidence of a partnership arrangement, is considered prima facie evidence. Ohio Revised Code 1775.06(C)–(D). Ohio courts have also defined a partnership as "a contract between two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportion." *Bouslough v. Shingledecker*, 97 Ohio App. 329, 336, 125 N.E.2d 885 (1953). Based on the above definitions, it is clear that Plaintiff and Defendant were partners in the business of battery-breaking. They had entered into a contract that using

Plaintiff's funds and Defendant's energies, they would conduct business. The duties and rights of each were laid out in the contract.

State law provides a fiduciary relationship between partners. Ohio Revised Code § 1775.20(A). Recently, the Court of Appeals of Ohio found that "partners are to act toward each other with the utmost good faith and integrity." *Leigh v. Crescent Square, LTD.*, 80 Ohio App.3d 231, 608 N.E.2d 1166 (1992) (fiduciary duty between general partners). The court went on to list several reasons why partners owe a fiduciary duty including: 1) prevent a partner from taking personal advantage of partnership assets (i.e. partnership property, partnership secrets), unfair competition between partners, and 3) prevent a partner from taking advantage of their position as partner to the partnerships detriment. *Id.* at 237, 608 N.E.2d at 1169–70. The court in *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 572 N.E.2d 198 (1989) found that the relationship between partners is "fiduciary in character, and imposes on the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs." In this case, Plaintiff and Defendant are general partners in the business of battery-breaking. There was nothing in the agreement that limits Plaintiff's liability and both Plaintiff and Defendant have participated in the operation of the business. According the case law, Plaintiff and Defendant owed a fiduciary duty to each other.

Next the Court must determine if the state imposed fiduciary duty is sufficient to meet the fiduciary duty contemplated by § 523(a)(4). Courts have been split on this issue, including a split between bankruptcy courts in the Sixth District. *In re McLaren*, 136 B.R. 705 (Bankr.N.D.Ohio 1992) (Fiduciary duty owed between partners is the same fiduciary duty under § 523(a)(4).); *In re Piscioneri*, 108 B.R. 595 (Bankr.N.D. Ohio 1989) (Fiduciary duty under § 523(a)(4) is narrower than the state law Fiduciary duty between partners). The most recent decision addressing the fiducia-

ry duty under § 523(a)(4) came out of the Fifth Circuit Court of Appeals. *McLemore v. Bennett*, 989 F.2d 779, (5th Cir.1993). That court found that "trust obligations necessary under section 523(a)(4) can arise pursuant to a statute, common law or a formal trust agreement". They went on to examine Texas state law to find a fiduciary relationship within the partnership context which fell under the narrow definition in § 523(a)(4). Other courts have held that a plain reading of the statutory language is required and that under such a reading, the fiduciary relationship contemplated by § 523(a)(4) clearly includes a partnership relationship. *In re McLaren*, 136 B.R. 705, 714 (Bkrtcy.N.D.Ohio 1992), *In re Short*, 818 F.2d 693, 695 (9th Cir.1987). A partnership relationship undoubtedly requires a degree of trust and confidence. *In re McLaren*, 136 B.R. at 714. In this case, the investment agreement that the parties entered into exemplifies a partnership agreement. The partners are able to participate in the business and may analyze the financial records of the business at any time. This Court finds that Defendant and Plaintiff were acting in fiduciary relationships with each other which is governed by 11 U.S.C. § 523(a)(4).

Once the fiduciary relationship under § 523(a)(4) has been established, the Plaintiff must prove that Defendant received monies due to defalcation or fraud, including the mismanagement of profits, *In re Short*, 818 F.2d 693 (9th Cir.1987), failure to fully account for money received. *In re Barwick*, 24 B.R. 703 (Bankr.E.D.Va. 1982) or willful neglect of duty, *Matter of Moreno*, 892 F.2d 417 (5th Cir.1990). In this case, Plaintiff has presented evidence that Defendant did not register their transaction with the ODC. While this is not something that this Court condones, this does not give proof of Defendant's fraud within his fiduciary duty. Plaintiff also claims that Defendant was fraudulent in his running of the business. She further claims that she did not receive any profit sharing checks; that defendant failed to hire an accountant as agreed to in the partnership agreement; and that Defen-

dant has not even been involved in the battery-breaking business. Defendant offered evidence including invoices, cancelled checks and various memos documenting his business activity. All of the evidence taking together convinces this Court that at most, Defendant breached the contractual agreement by failing to hire an accountant. Under the agreement, Plaintiff was not entitled to profit sharing checks until the business made a profit. The invoices presented prove that Defendant was engaged in the battery-breaking business. Although the evidence does not give the picture of an ideal business arrangement, it does not convince the Court by a preponderance of the evidence that the Defendant has been fraudulent in his business dealings or that the Defendant participated in fraud or defalcation.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the debt of Ten Thousand Dollars ($10,000.00) owed to the Plaintiff by the Defendant be, and is hereby, **DISCHARGEABLE.**