**In re Gerald Ray EMERY, Debtor.**

**Ronald R. HEIN, Esquire Hiatt & Carpenter, Chartered, Plaintiff,**

v.

**Gerald Ray EMERY, Defendant.**

**Bankruptcy No. 84–03434G.
Adv. No. 85–0134G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 6, 1985.

Martin G. Goch, Jonathan P. Andrews, Ronald R. Hein, Hiatt & Carpenter, Chartered, Philadelphia, Pa., for plaintiff.

Dale W. Miller, Gerald Ray Emery, Philadelphia, Pa., for debtor/defendant.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The point in contention is whether we should grant relief on an attorney's complaint against the debtor in which the plaintiff seeks an exception to the debtor's discharge under 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code ("the Code") based on the plaintiff's allegations that the debtor fraudulently induced the plaintiff to provide legal services to the debtor although he had no intention of paying for such services. For the reasons outlined below, we conclude that the plaintiff failed to meet his burden of proof in establishing the requisite fraudulent intent and consequently, we will deny the requested relief.

The facts of this dispute are summarized as follows:[1] The debtor is a low ranking member of the United States Navy who contacted the plaintiff, Ronald R. Hein, Esquire ("Hein"), to represent him in divorce proceedings. At the commencement of this relationship, the debtor paid Hein a retainer of $300.00 which is all that has been paid on Hein's bill for services. The current balance claimed by the plaintiff is $3,461.35.

During the time that Hein was performing services for the debtor, Hein sought assurances from the debtor that he would ultimately receive payment in full. The debtor mollified Hein by agreeing to pay him $250.00 each month from his salary. The debtor also acquiesced in Hein's suggestions that the debtor attempt to obtain guarantors on his debt, although the debtor testified that those he approached declined

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

to participate. After making the offer of payment of $250.00 per month the debtor was transferred by the Navy from a land facility to a ship which effected a total loss of the debtor's food and housing allowance of approximately $400.00 a month. Since the debtor was living with relatives without cost while collecting this allowance, the monthly sum constituted disposable income which the debtor intended to apply to Hein's bill. With the evaporation of this source of income, the debtor's ability to repay Hein diminished markedly. Based on the evidentiary standard of a preponderance of the evidence, Hein has failed to prove that the debtor made statements to him with a fraudulent intent calculated to avoid payment for the legal services he was to receive.

■■■ A debtor who obtains valuable consideration through fraudulent statements may be denied a discharge of that debt under 11 U.S.C. § 523(a)(2)(A), which provides:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) False pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

\* \* \* \* \* \*

11 U.S.C. § 523(a)(2)(A).[2] The burden of proof under § 523(a)(2) is on the creditor asserting the exception. *Schlecht v. Thornton*, 544 F.2d 1005, 1006 (9th Cir. 1976). Such exceptions are strictly construed against the creditor and in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717

(1915); *Murphy & Robinson Investment Co. v. Cross*, 666 F.2d 873, 879–80 (5th Cir.1982); *Gregg v. Rahm*, 641 F.2d 755, 756–57 (9th Cir.), *cert. den.*, 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981). A necessary element under § 523(a)(2)(A) is *actual* fraud rather than merely fraud implied in law. 3 *Collier on Bankruptcy* ¶ 523.08[4] (15th ed. 1985). *Collier* defines actual fraud as follows:

Actual fraud, by definition, consists of any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another—something said, done or omitted with the design of perpetrating what is known to be a cheat or deception.

*Id.* at ¶ 523.08[5] (footnote omitted). The mere breach of a contract by the debtor does not, without more, imply the existence of actual fraud. *Seiders v. Fenninger (In Re Fenninger )*, 49 B.R. 307, 310 (Bankr.E.D.Pa.1985); *Brennenstuhl v. Taylor (In Re Taylor)*, 49 B.R. 849, 851 (Bankr.E.D.Pa.1985).

■■ The case law reveals that the standard of proof required under § 523(a) is the "clear and convincing" standard, which requires a significantly higher quantum of proof than the standard of a "preponderance of the evidence." *ITT Consumer Financial Corp. v. Walthall (In Re Walthall)*, 38 B.R. 140, 142 (Bankr.D.Md.1984). In the case at bench, Hein has failed to prove the requisite element of actual fraud under § 523(a)(2)(A) under the lower preponderance of evidence standard, and *a fortiori*, he has failed to prove fraud by the higher standard. The evidence at bench merely illustrates the debtor's breach of contract to pay his attorney. The statements on which Hein relied were nothing more than those offered by any typical debtor to stave off the advances of creditors. At times such statements may rise to the level of fraud, but generally they do

---

**2.** This provision was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the

ninety day transition period following the enactment of the amendment. *See,* Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus, we have reproduced § 523(a)(2) as it stood prior to the passage of the amendment.

not and in the case at bench they certainly do not. We will accordingly enter an order denying Hein the requested relief on his complaint.