In re Gerald M. KLEIN and Carol Klein, Debtor.

Marios CHIOS and Francis Switkin, Plaintiffs,

v.

Gerald KLEIN and Carol Klein, his wife, d/b/a Crown Ticket Agency, Defendants.

Bankruptcy No. 85–02112G.
Adv. No. 85–0777G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 5, 1986.

John O'Rourke, Norristown, Pa., for plaintiffs, Marios Chios and Francis Switkin.

Robert T. Krause, Philadelphia, Pa., for debtors/defendants, Gerald M. Klein and Carol Klein.

Edward M. Mazze, Furlong, Pa., Interim Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of this controversy is whether a prepetition financial obligation of the debtors should be declared nondischargeable under a creditor's complaint seeking that relief. For the reasons outlined below, we hold that the debt is not dischargeable as to the husband-debtor under 11 U.S.C. § 523(a)(2)(B) of the Bankruptcy Code ("the Code") but that the debt of the wife-debtor is dischargeable.

The facts in this matter are as follows:[1] The debtors filed a petition for relief under chapter 7 of the Code in 1985. Prior to that time the husband-debtor had been in the business of retailing tickets for local concerts, theatres and sports events. In order to obtain financing to operate the business the husband-debtor approached Francis Switken ("Switken") and Marios Chios ("Chios") who are the plaintiffs in this action. For purposes of inducing Switken and Chios to grant a loan, the husband-debtor gave the intended lenders a

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

record of his ticket inventory for both April 18 and 26, 1983. Both lists showed that the debtor had in excess of $30,000.00 worth of tickets. Switken and Chios then signed a written guarantee for the repayment of a $35,000.00 loan to be obtained by the debtors. In exchange for the loan the debtors granted a 12½% interest in the profits generated by the business to Switken and Chios. On the basis of the guarantee, a commercial bank issued a loan to the debtors, on which the debtors ultimately defaulted. No evidence was introduced to show that the principal balance of the debt has been reduced through periodic payments under the loan.

The inventory lists prepared by the husband-debtor and delivered to Switken and Chios were materially false in that they substantially inflated the debtors' inventory. The lists reflected, in part, the debtors' financial condition and, on these lists, Switchen and Chios reasonably relied in granting the debtors the $35,000.00 guarantee. The husband-debtor drafted and published the inventory lists with actual intent to deceive Switken and Chios into guaranteeing the debt at issue. Nonetheless, while the wife-debtor also signed the guarantee, there is no evidence imputing her husband's knowledge of the scheme to her.

■ The provision of the Code at issue in this case is 11 U.S.C. § 523(a)(2)(B):

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) * * *

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) * * *

(B) use of a statement in writing

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

\* \* \* \* \* \*

11 U.S.C. § 523(a)(2)(B). The burden of proof under § 523(a)(2) is on the creditor asserting the exception. *Schlect v. Thornton*, 544 F.2d 1005, 1006 (9th Cir.1976). Such exceptions are strictly construed against the creditor and in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Murphy & Robinson Investment Co. v. Cross*, 666 F.2d 873, 879–80 (5th Cir.1982); *Gregg v. Rahm*, 641 F.2d 755, 756–57 (9th Cir.1981), *cert. den.*, 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.1d 157 (1981). A necessary element under § 523(a)(2) is actual fraud rather than merely fraud implied in law. 3 *Collier on Bankruptcy* ¶ 523.08[4] (15th ed. 1985).

The case law reveals that the standard of proof required under § 523(a) is the "clear and convincing" standard, which requires a significantly higher quantum of proof than the standard of a "preponderance of the evidence." *Hein v. Emery (In Re Emery)* 52 B.R. 68, 70 (Bankr.E.D.Pa.1985).

■ In the case at bench, Switken and Chios have established by clear and convincing proof the elements of § 523(a)(2)(B) as to the husband-debtor, but insufficient proof was introduced to implicate the wife-debtor. We will, accordingly, enter an order declaring that the $35,000.00 debt owed by the husband-debtor to Switken and Chios is nondischargeable, but we will deny all relief on the plaintiffs' complaint as to the wife-debtor.