**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  EC-16-1265-HKuB |
| BRANTLEY JUSTIN GARRETT and ERIN EILEEN GARRETT, | Bk. No.  12-36599 |
| Debtors. | Adv. No.  12-2719 |
| JAMES DAILY;  KATHARINE DAILY, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| BRANTLEY JUSTIN GARRETT, | |
| Appellee. | |

Argued and Submitted on June 21, 2018
at Sacramento, California

Filed – August 24, 2018

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Christopher D. Jaime, Bankruptcy Judge, Presiding

_____

Appearances:    William Steven Shumway argued for appellants James
                and Katharine Daily; Jeffrey H. Ochrach argued for
                appellee Brantley Justin Garrett.

_____

Before:  HURSH,** KURTZ and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Brantley Justin Garrett ("Garrett") agreed to build a new home for Plaintiffs James ("James") and Katharine ("Katharine") Daily (collectively the "Dailys"), and executed a written agreement with James on July 3, 2008.  Although Garrett began building Dailys' home consistent with their agreement, Garret did not complete the home, and Dailys filed a state court complaint alleging breach of contract, negligence and fraud.

After the Debtors filed their bankruptcy case, Dailys filed an adversary complaint under § 523(a)(2)(A), alleging that Garrett induced them to enter the agreement with a series of false and fraudulent representations.  Prior to commencement of trial, the bankruptcy court granted part one of Garrett's

_____

** Hon. Benjamin P. Hursh, Bankruptcy Judge for the District of Montana, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

motion in limine by excluding evidence of Garrett's representations, acts, or omissions occurring after July 3, 2008. At the conclusion of the Dailys' case-in-chief, the court granted Garrett's Rule 52(c) motion, and entered a judgment discharging Garrett's obligation to the Dailys.

On appeal, Dailys argue that the bankruptcy court erred in granting Garrett's motion in limine, and erred in discharging the obligation owed to them by Garrett. We AFFIRM.

## FACTUAL BACKGROUND

Dailys wanted to build a new home on a lot that they owned. Based upon a referral and after talking to Garrett and observing his work, James and Garrett entered into a California Contractor Agreement ("Agreement") on July 3, 2008. Garrett agreed to build Dailys a single family home for $495,000, with construction of the home to be substantially completed by March 27, 2009. Dailys alleged that Garrett represented that he possessed the experience, skill, available personnel, liability and workers compensation insurance, and financial resources necessary to construct the Dailys' new home at the time they entered into the Agreement.

In connection with the Agreement, Garrett prepared a line item budget that James and Garrett signed titled "Trades Breakdown and material budgets." The Dailys funded the construction of their new home with a construction loan from Wachovia Mortgage FSB. As part of the loan process, Garrett agreed to provide, at the bank's request, proof of commercial general

3

liability insurance, worker's compensation insurance and builder's risk insurance. In May of 2004, prior to his Agreement with the Dailys, Garrett filed a Worker's Compensation Exemption form with the Registrar of Contractors indicating that he did not have any employees subject to the Workers' Compensation laws of the State of California.

Garrett started construction of the Daily home but in May of 2009, before construction was completed, Garrett abandoned the project. Dailys concede that Garrett had general liability insurance when he signed the Agreement and started construction of their home. They further note that when the policy expired, during the construction period, Garrett knowingly obtained different liability insurance that excluded residential construction. Dailys also maintain Garrett did not have workers' compensation insurance, prompting Wachovia Mortgage to freeze further advances on the construction loan, which delayed completion of the Dailys' home and caused the Dailys to lose their permanent financing.

On May 11, 2011, the Dailys filed suit against Garrett in state court. The Dailys initially averred two claims for relief in their state court action: breach of contract and negligence. Later, Dailys amended their complaint and alleged fraud. Debtors filed their chapter 7 bankruptcy case on September 13, 2012, and the Dailys filed their complaint to determine dischargeability on December 18, 2012.

Prior to commencement of the dischargeability trial, the bankruptcy

4

court considered Garrett's motion in limine, in which Garrett sought in the first instance to exclude evidence of representations, acts, or omissions occurring after July 3, 2008, and in the second instance, to exclude evidence of Garrett's purchase of the second insurance policy that excluded residential construction. The second component of Garrett's motion in limine was subsumed by part one when the bankruptcy court excluded any evidence of representations, acts or omissions occurring after July 3, 2008. At the conclusion of the Dailys' case-in-chief, the court granted Garrett's Rule 52(c) motion, and entered a judgment discharging Garrett's obligation to the Dailys.

Although Katharine testified during her deposition that she never discussed the issue of insurance with Garrett until May, 11, 2009, at trial she testified that she told Garrett that he would need to provide the lender with proof of commercial general liability insurance and workers' compensation insurance in connection with the loan process. According to Katharine, Garrett responded that he had all the insurance required by the lender. Katharine did not testify as to any other representations that Garrett may have made regarding his experience, skill, available personnel, or financial resources necessary to construct the Dailys' new home.

James testified that the only statements Garrett made to them prior to execution of the Agreement were that he had liability insurance and workers' compensation insurance. However, James later conceded that he had not discussed liability insurance with Garrett prior to July 3, 2008, and had instead

relied on the Agreement, which reads, in part: "Contractor warrants it is adequately insured for injury to its employees and others incurring loss or injury as a result of the acts of Contractor or its employees or subcontractors."

The bankruptcy court entered judgment in favor of Garrett on August 16, 2016. The bankruptcy court concluded that the Dailys failed to satisfy their burden of proving that Garrett made any false representations that induced James to enter into the July 3, 2008 Agreement and that the Dailys had also failed to satisfy their burden of proving they justifiably relied on any false representations, explaining:

> Mr. Daily admitted that the plaintiffs' [§] 523(a)(2)(a) claim is based on two representations that were made prior to July 3, 2008, and prior to the July 3, 2008, contract. One is related to liability insurance that covered new construction, and one is related to the workers' compensation insurance. Then he admitted he never discussed either of those matters with Mr. Garrett.
>
> When Mrs. Daily was repeatedly asked about general liability and workers' compensation insurance, she was evasive, and she refused to answer the question. I don't find her testimony credible.
>
> Mr. Daily testified that he relied on the representations in the July 3, 2008, contract in addition to the ones he claimed were made but were never made. Even if the contract terms could be considered representations within the scope of [§] 523(a)(2)(a), the plaintiffs have not met their burden of proving their reliance on those representations was justifiable because before and at the time that the plaintiffs entered into the contract on July 3 of 2008, Mr. Daily also testified that he was impressed with Mr. Garrett's

6

work.

This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) and 1334. The order granting Garrett's motion in limine was an interlocutory order that merged into the final judgment. *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Cal.*, 545 F.3d 1134, 1141 (9th Cir. 2008) (under the merger rule interlocutory orders entered prior to the judgment merge into the judgment and may be challenged on appeal). Therefore, we have jurisdiction over both the order granting the motion in limine and the judgment under 28 U.S.C. § 158.

## ISSUE

Dailys contend that twelve issues exist on appeal which we restate as follows:

1.      Did the bankruptcy court abuse its discretion in granting Garrett's motion in limine and excluding any evidence of Garrett's representations, acts, or omissions after July 3, 2008?

2.      Did the bankruptcy court err in discharging Garrett's obligation to the Dailys under § 523(a)(2)(A)?

## STANDARDS OF REVIEW

Whether a particular procedure comports with basic requirements of due process is a question of law we review de novo. *Garner v. Shier (In re*

*Garner)*, 246 B.R. 617, 619 (9th Cir. BAP 2000).

The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004). *See also United States v. Geston*, 299 F.3d 1130, 1138 (9th Cir. 2002) (trial court's ruling on motion in limine reviewed for abuse of discretion); *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1995) (we review the district court's decision to permit the withdrawal or amendment of an admission for abuse of discretion). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

In claims for nondischargeability, the Panel reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo, and applies de novo review to "mixed questions" of law and fact that require consideration of legal concepts and the exercise of judgment about the values that animate the legal principles. *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 28 (9th Cir. BAP 2009).

The determination of justifiable reliance is a question of fact reviewed for clear error. *Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454, 1456 (9th Cir. 1992). The bankruptcy court's witness credibility findings are entitled to special deference, and are also reviewed for clear error. *Weinberg*, 410 B.R. at 28. A finding is clearly erroneous if it is illogical, implausible, or without support in the record. *United States v.*

*Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009)(en banc).

## DISCUSSION

**A.** **The Bankruptcy Court did not abuse its discretion in granting Garrett's motion in limine and excluding evidence of Garrett's representations, acts, or omissions after July 3, 2008.**

The Dailys, in their Second Amended Complaint, pled a single cause of action under § 523(a)(2)(A). The bankruptcy court, focusing primarily on paragraphs 7 through 15 of the Second Amended Complaint, concluded Dailys were claiming they were induced into entering the July 3, 2008, Agreement by Garrett's false representations.[2] Citing to *In re Huong*, 499 B.R. 751, 766 n.49 (C.D.Cal. 2013), *aff'd* 636 Fed.Appx. 396 (9th Cir. 2016); *In re Chowdaury*, 2014 WL 2938274 (9th Cir. BAP 2014); and *Fundingsland v. OMH Healthedge Holdings, Inc.*, 2016 WL 3022053 (S.D. Cal. 2016), the bankruptcy court concluded that Garrett's representations and conduct following formation of the July 3, 2008, Agreement could not have, after the fact,

---

[2] The Dailys' allege in their Second Amended Complaint that Wachovia Mortgage relied on the representations made by Garrett in a Contractor Acknowledgment and Agreement signed by Garrett on September 9, 2008. Wachovia Mortgage is not a party to this action and what Wachovia believed is not relevant to our decision. The Panel could arguably read the Second Amended Complaint to include a fraud claim that goes beyond inducement, such as the fraud claim in *In re Dobbs*, 115 B.R. 258 (Bankr. D. Idaho 1990), but Dailys' counsel agreed during a colloquy with the bankruptcy court that this was a fraudulent inducement case. Given that concession, the bankruptcy court was correct when it noted that the Dailys' claim of nondischargeability had its origin in the July 3, 2008, Agreement and that absent that Agreement, "there would be no debt, no damages, and nothing to declare nondischargeable."

9

induced the Dailys to enter into the Agreement. We agree. *See In re Daniell*, 2013 WL 5933657, at \*6 (9th Cir. BAP 2013) ("The bankruptcy court is correct that a representation made by Daniell in the 'winter of 2011' could not have induced FFO to ship goods in September and October of 2010. \* \* \* [T]he critical debtor misrepresentation must occur at or before the point where 'the money [or goods] was obtained.'") (quoting *Campos v. Beck (In re Beck)*, 2012 WL 2127751, at \*3 (Bankr. D. Ariz. 2012)).

Citing in *Husky Int'l Electronics v. Ritz*, —— U.S. ——, 136 S.Ct. 1581, 1587, 194 L.Ed.2d 655 (2016), Dailys argue that the bankruptcy court erred when it excluded any evidence of post July 3 representations, because actual fraud can exist without misrepresentation. *Husky* is inapposite. *Husky* involved a fraudulent conveyance action, and as explained in *Husky*, "fraudulent conveyances are not an inducement-based fraud." *Id*. at 1587. The Dailys' sole claim in their Second Amended Complaint is that Garrett induced the Dailys to enter into the Agreement by making false representations. This case involves inducement-based fraud, and not a fraudulent conveyance. The bankruptcy court correctly concluded that Garrett's actions or representations after formation of the Agreement could not have induced James into entering into the July 3, 2008, Agreement. The bankruptcy court did not abuse its discretion when it limited the evidence of the Dailys' § 523(a)(2)(A) inducement claim to the events that occurred on or before the July 3, 2008, Agreement.

10

**B. The Bankruptcy Court did not err in granting judgment in favor of Garrett and denying the Dailys' request to except their debt from Garrett's discharge under § 523(a)(2)(A).**

Section 523(a)(2)(A) excepts from discharge any debt for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud. The creditor bears the burden of demonstrating by a preponderance of the evidence each of the following five elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the representation or omission; (3) an intent to deceive; (4) the creditor's justifiable reliance on the representation or conduct; and (5) damage to the creditor proximately caused by reliance on the debtor's representations or conduct. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010); *Weinberg*, 410 B.R. at 35. We construe exceptions to discharge under § 523 liberally in favor of the debtor. *Su v. Carrillio (In re Su)*, 259 B.R. 909, 912 (9th Cir. BAP 2001), *aff'd*, 290 F.3d 1140 (9th Cir. 2002).

Dailys produced no evidence that Garrett made a misrepresentation, fraudulent omission or engaged in deceptive conduct that caused the Dailys to enter into the Agreement on July 3, 2008. James admitted at trial that the Dailys' nondischargeability claim was based on Garrett's representation that he had liability insurance and workers' compensation insurance. However, James also admitted that he never discussed liability insurance or workers' compensation insurance with Garrett prior to July 3, 2008. Additionally, the

11

Dailys failed to prove that Garrett did not have general liability insurance on July 3, 2008, or that he was required to have workers' compensation insurance.

Dailys argue that Garrett induced them into entering into the Agreement by falsely and fraudulently representing that he possessed the experience, skill, available personnel, liability insurance and workers compensation insurance and financial resources necessary to construct a new single family home for the Dailys in a workmanlike and timely manner for a total price of $495,000. However, the evidence shows Garrett was recommended to the Dailys by another contractor and Dailys personally observed other work Garrett was completing. Dailys visited a home that Garrett was building for another party and reviewed pictures of other homes Garrett had built. The Dailys were satisfied with the work they saw and entered into the Agreement with Garrett.

The most the evidence shows is that the Dailys may have a breach of contract action, and nothing more, and breach of contract actions do not give rise to an action in fraud. As stated in *Leeb v. Guy (In re Guy)*, 101 B.R. 961, 978 (Bankr. N.D.Ind. 1988):

> [A] mere breach of contract by the debtor without more, does not imply existence of actual fraud for purposes of the exception to discharge under § 523(a)(2)(A). *In re Emery*, 52 B.R. 68, 70 (Bankr. E.D.Pa. 1985).

The Panel notes that the bankruptcy court also found that even if the terms of

12

the Agreement could be considered representations within the scope of § 523(a)(2)(A), that the Dailys failed to meet their burden of proving their reliance on those representations was justifiable because they were impressed with Garrett's work before and at the time James signed the Agreement on July 3, 2008. The Dailys do not argue on appeal that the bankruptcy court's finding on this point was in error.

## CONCLUSION

For these reasons, the bankruptcy court did not err in granting Garrett's motion in limine. The bankruptcy court similarly did not err in discharging Garrett's debt to the Dailys. We AFFIRM.